ALCOLM CO. v. PHILIP HANO & CO.

(Supreme Court, Appellate Term. November 24, 1905.)

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING—IDENTITY OF ISSUES.
    Where the pendency of another action for the same cause is pleaded as a partial defense, and it appears from the record of the other action, when introduced in evidence, that it applies to only two of the three items sued for, it is error for the court to dismiss the complaint absolutely.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Alcolm Company against Philip Hano & Co. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry V. Boyer, for appellant.
Stillings & Taylor, for respondent.

SCOTT, P. J. In this action for three items, aggregating $150, the defendant interposed, as a partial defense, the pendency of another action for the same cause. The record in the former action was introduced in evidence, and at once the complaint in this action was dismissed. It appears, however, that the former action applied only to two out of the three items involved in this action. Of course, the plea was available, if at all, to only two items, and it was error to dismiss the complaint absolutely.

The appellant urges as a second ground of appeal that the former action was not pending when this action was tried. He bases this contention upon some indorsements upon the original summons in the former action which show, as he contends, that at some time the cause was marked "Reserved generally" by the justice, without the consent of the parties and in their absence. No such point seems to have been raised in the court below, and the other indorsements upon the summons appear to show that the cause afterwards went to judgment, from which it is open to inference that any irregularity had been waived. We deem it, therefore, unnecessary to pass upon the question suggested.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.