(107 So. 843)

**McALISTER v. McALISTER.** (6 Div. 447.)

(Supreme Court of Alabama. March 25, 1926.)

1. **Divorce** ⬥331—Foreign judgment and decree in divorce suit, awarding plaintiff certain sum every month as alimony so long as necessary, or until plaintiff remarried, held not to give plaintiff vested right in future installments, authorizing court of law in another state to render judgment for plaintiff for such installments.

Foreign judgment and decree in divorce suit, awarding plaintiff a certain amount every 30 days as alimony as long as it was necessary, or until plaintiff should contract another marriage, *held* not to have given plaintiff any vested right in future accruing installments, and hence court of law in a foreign state is without authority to render judgment for plaintiff for unpaid accrued installments; such judgment and decree at most only supporting a recovery of first installment.

2. **Divorce** ⬥331—Where original decree in divorce suit awarded certain monthly sum as alimony, held that subsequent decree by same court, revoking original decree as to alimony, was a satisfaction and revocation of original decree.

Where decree in divorce suit awarded plaintiff certain sum every month as alimony as long as necessary, subsequent decree, entered by same court, decreeing that alimony had been fully paid up to such date, and revoking decree as to alimony after such date, because not necessary, was a satisfaction and revocation of original decree.

---

**3. Judgment ⊚⟶818(4) — On presentation of properly authenticated judgment of court of sister state, it will be presumed prima facie that court rendering judgment had jurisdiction to do so, in absence of showing on face of properly certified transcript of want of jurisdiction.**

When properly authenticated judgment of sister state is presented, and want of jurisdiction in court of such state to render such authenticated judgment does not appear on face of properly certified transcript, it will be presumed prima facie that court rendering judgment had jurisdiction to do so.

**4. Pleading ⊚⟶170—Defensive matter arising after suit, but before pleas filed or issue joined, may be pleaded and proved in bar of further maintenance of suit.**

Defensive matter arising after suit, but before pleas filed or issue joined, may be pleaded and proved in bar of further maintenance of suit.

**5. Judgment ⊚⟶939—To make evidence contradicting presumption that court rendering foreign judgment had jurisdiction available, facts showing want of jurisdiction must be specially pleaded.**

Presumption in favor of foreign judgment, that rendering court had jurisdiction of party defendant, may be contradicted by extrinsic evidence, but, to make such evidence available, facts showing want of jurisdiction must be specially pleaded.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Mrs. T. D. McAlister against T. D. McAlister. From a judgment for defendant, plaintiff appeals. Affirmed.

Plaintiff filed her action at law on January 31, 1924, to recover from defendant, her husband, $3,700 for alimony due by decree of the Twelfth judicial district court of the parish of De Soto, state of Louisiana, rendered on November 5, 1917.

As amended on October 2, 1924, the complaint alleges that the decree was that defendant pay to plaintiff the sum of $50 per month as alimony, the first payment to be made "within 30 days after the signing of this judgment, and $50 every 30 days thereafter as long as said alimony is necessary, or until the plaintiff * * * should contract another marriage."

It is further alleged that she has not contracted another marriage since the rendition of said decree, and that said alimony has been necessary continuously ever since, each month, and that defendant has continuously refused to pay said sums or any portion thereof.

On October 29, 1924, defendant filed a plea of the general issue, and also special plea No. 2, setting out a full copy of the decree

sued on, showing that it was rendered by John H. Boone, the district court judge, decreeing absolute divorce in favor of plaintiff, besides the alimony described, and alleging that:

"Since the rendition of said decree, said court has rendered the following decree in reference to the same subject-matter, parties, and cause of action:

"'This case having been regularly set down for trial, after issue joined, and on the day fixed called in its regular order, the same was regularly taken up in open court and trial, and the law and the evidence adduced on trial being in favor of the plaintiff, T. D. McAlister, and against the defendant, Mrs. T. D. McAlister, it is therefore ordered, adjudged, and decreed that the said plaintiff do have and recover judgment against the said defendant decreeing the judgment of this court under date November 5, 1917, awarding the defendant alimony at the rate of $50 per month to have been fully paid and satisfied up to January 3, 1924, and revoking said judgment in respect to said alimony after said date on account of the same not being necessary to or required by the defendant or legally demandable by her.

"'Thus done, rendered, read aloud, and signed in open court at Leesville, La., this October 7, 1924.'"

Plaintiff demurred to this plea on the two special grounds that it "attempts to set up a decree of the court granting the decree of alimony sued on herein, which was rendered since the commencement of this action"; and that it "does not show that the cause of action sued on herein was not a valid and subsisting cause of action at the time of the commencement of this action." The demurrer was overruled, and trial was had without a jury.

Plaintiff offered in evidence a certified copy of the decree, proceedings, and testimony in the case of Mrs. T. D. McAlister, as described in the complaint. This decree defendant admitted to be valid, and also admitted that plaintiff had not married again.

Defendant then offered in evidence a duly certified copy of the decree set up in plea No. 2, "to the introduction of which * * * plaintiff then and there duly objected, stating to the court that the judgment was not sufficient to show that the Louisiana court had acquired jurisdiction to render said judgment, and that plaintiff had been residing in Birmingham, Ala., ever since the filing of this suit, and had never been served with process in that case nor had any notice of it, nor ever heard of it until the filing of defendant's pleas in this cause a few minutes before, which plaintiff's attorney offered to prove by the plaintiff herself."

The trial court overruled the objections to the admission of the certified judgment, and excluded plaintiff's proposed testimony. This being all the evidence, the trial court rendered judgment for defendant, from which plaintiff appeals.

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

S. J. Stiggins, of Maitland, Fla., and W. A. Weaver and T. J. Lamar, both of Birmingham, for appellant.

The judgment or decree of the Louisiana court declaring the alimony paid does not show any notice to appellant, or that she was present in court or represented by counsel; but, even if so, appellant should have been permitted to show that same was untrue. Kingsbury v. Yniestra, 59 Ala. 320. That judgment, rendered without jurisdiction, is a mere usurpation and is void. Foster v. Glazener, 27 Ala. 391; Peet v. Hatcher, 21 So. 711, 112 Ala. 514, 57 Am. St. Rep. 45.

Palmer Daugette, G. C. Boner, and Smith, McCary & Tharp, all of Birmingham, for appellee.

The original and subsequent judgments are governed by the law of Louisiana. Forbes v. Davis, 65 So. 516, 187 Ala. 71. The original decree retained jurisdiction over the parties and the subject-matter. Morgan v. Morgan, 99 So. 185, 211 Ala. 7; State v. Sacred Heart Orphan Asylum, 98 So. 406, 154 La. 883. Full faith and credit will be given to the judgment of the Louisiana court, and it will be presumed that the court had jurisdiction. Smith v. Alexander, 42 So. 29, 148 Ala. 557.

SOMERVILLE, J. At common law, actions in debt could not be maintained on decrees in equity for the payment of money. Van Buskirk v. Mulock, 18 N. J. Law, 184. Later, however, this restriction was removed as to a decree for money due and payable immediately upon its rendition, but not as to a decree directing payments which were to accrue in future. Dow v. Blake, 35 N. E. 761, 148 Ill. 76, 39 Am. St. Rep. 156; Israel v. Israel, 148 F. 576, 79 C. C. A. 32, 9 L. R. A. (N. S.) 1168, 8 Ann. Cas. 697, and note 700; Lynde v. Lynde, 56 N. E. 979, 162 N. Y. 405, 48 L. R. A. 679, 76 Am. St. Rep. 332, 679, affirmed in 21 S. Ct. 555, 181 U. S. 183, 45 L. Ed. 810; 19 Corp. Jur. 364, § 826.

The more modern cases, however, are in accord with the highly authoritative doctrine laid down by the federal Supreme Court in the case of Sistare v. Sistare, 30 S. Ct. 682, 218 U. S. 1, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061, reversing 66 A. 772, 80 Conn. 1, 125 Am. St. Rep. 102:

"First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since, as declared in the Barber Case [Barber v. Barber, 16 U. S. (21 How.) 582, 16 L. Ed. 226], 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where by the law of the state in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due."

In our early case of Harrison v. Harrison, 20 Ala. 629, 56 Am. Dec. 227, which was an action on a South Carolina decree for annual alimony, payable unconditionally in quarterly installments, the action was entertained and judgment given for the accrued installments, without any objection from defendant as to the character of the judgment sued on.

[1] The judgment sued on in the instant case falls very clearly, we think, within the principle of the qualification stated in Sistare v. Sistare, supra. As to the plaintiff's right to receive payment of the installments of alimony as they accrued, there existed, not merely the general power of the court to modify or revoke its order in the premises, ineffective to deny plaintiff's vested right unless and until duly exercised by the decreeing court; but there was written upon the face of the order itself, except as to the first installment, a clear restriction upon defendant's duty to pay in such sense as to deny to plaintiff any vested right in future accruing installments, and reserving to the rendering court exclusively the right and the power to ascertain the existence vel non of the contingency upon which they were to be paid. Certainly a court of law in this state is without authority to entertain and adjudicate an issue of purely equitable nature and cognizance, as presented by the allegations of the amended complaint.

"In order that an action may be maintained in one state upon a judgment recovered in another state, it is necessary that the judgment should be a valid and final adjudication remaining in full force and virtue in the state of its rendition, and capable of being there enforced by final process. Such judgment must be of a nature to create a definite and absolute indebtedness against the judgment defendant." 34 Corp. Jur. 1105, and cases cited in note 95.

In accordance with this well-settled rule, we are of the opinion that the judgment and decree here exhibited could not support a recovery for more than the amount of the first installment, with interest thereon, upon proof that it had not in fact been paid. And, no proof being made of its alleged nonpayment, no judgment could be rendered for plaintiff.

[2] We think also that the judgment and decree pleaded and proved by defendant must, in any view of the original decree for alimony, be accorded the effect of a satisfaction and revocation of that decree.

No objection was made to the form and sufficiency of its certification as a judicial

record; plaintiff's contentions being, substantially, that the record as certified failed to show jurisdiction in the premises, in that it did not show that plaintiff had notice of the proceeding, and that, in any event, the decree, being rendered after plaintiff's action herein was filed, cannot serve as a bar to its prosecution.

[3] As to the first proposition, it is well settled in this state, as it is elsewhere, that:

"When a properly authenticated judgment of a sister state is presented to a court of this state, and a want of jurisdiction in the court of the sister state to render the judgment so authenticated does not appear upon the face of the properly certified transcript, it will be presumed prima facie that the court rendering such judgment had complete jurisdiction to do so." Forbes v. Davis, 65 So. 516, 517, 187 Ala. 71, 74, citing the previous cases; McLaughlin v. McLaughlin, 79 So. 354, 202 Ala. 16; 19 Corp. Jur. 377, § 847.

The judgment and decree here in question, not only do not show any want of jurisdiction of plaintiff's person, but affirmatively show that the parties were before the court by the recital that the case had been regularly set down for trial, and regularly taken up and tried "after issue joined."

[4] Nor was the efficacy of that judgment, as a bar to plaintiff's recovery herein, defeated by the fact of its rendition after this suit was begun. Defensive matter thus arising after suit, but *before pleas filed or issue joined,* may be pleaded and proved in bar of further maintenance of the suit. Sadler v. Fisher's Adm'rs, 3 Ala. 200; Brown v. Brown, 13 Ala. 208, 214, 48 Am. Dec. 52; Wright v. Evans, 53 Ala. 103, 107.

[5] The presumption in favor of a foreign judgment, that the rendering court had jurisdiction of the parties defendant, may be contradicted by extrinsic evidence. Kingsbury v. Yniestra, 59 Ala. 320; Crimm v. Crimm, 99 So. 301, 211 Ala. 13; 19 Corp. Jur. 375, § 845. But, in order to make such evidence available, the facts showing a want of jurisdiction must be specially pleaded. Andrews v. Flack, 6 So. 907, 88 Ala. 294; Hunt v. Mayfield, 2 Stew. 124; Crimm v. Crimm, supra; 34 Corp. Jur. 1120, § 1593. Hence, there being no special replication to defendant's plea of the judgment, setting up a want of jurisdiction, extrinsic evidence was not admissible upon that question. And, it may be added, the bill of exceptions does not show a seasonable offer of such evidence, nor any specific exception reserved to a refusal of the court to receive it.

Whether, as assumed by the trial court, the plaintiff, Mrs. McAlister, was, from the nature and terms of the judgment and decree for alimony, constructively before the Louisiana court for the purposes of modification, revocation or satisfaction of that decree, so that actual notice to her of such a proceeding was not necessary to the jurisdiction of the court, is a question of some difficulty, and its decision here will be pretermitted as unnecessary.

Our conclusion is that, upon the showings of the record, the trial court properly rendered judgment for the defendant, denying plaintiff's right to recover upon the judgment exhibited by her.

Affirmed.

THOMAS, MILLER, and BOULDIN, JJ., concur.