195 So. 549

**GREEN v. GREEN.**

4 Div. 142.

Supreme Court of Alabama.

April 4, 1940.

Tompkins & Ramsey, of Dothan, for appellant.

Speight & Tiller, of Dothan, and M. Sollie, of Ozark, for appellee.

408

GARDNER, Justice.

The Circuit Court of the Eleventh Judicial Circuit of the State of Florida, having jurisdiction of the subject matter and of the parties, entered, on May 13, 1931, a final decree of divorce, forever dissolving the bonds of matrimony theretofore existing between Perla McAllister Green and Benjamin F. Green; and for the education and maintenance of the two minor children of the marriage, the decree provided as follows: "That the defendant and cross-complainant, Benjamin F. Green be and he is hereby ordered and directed to pay unto the complainant and cross-defendant Perla McAllister Green, the sum of $10.00 per week for the education, maintenance and support of the issue of said marriage, to-wit: Benjamin F. Green, Jr. and Betty Green until the further order, orders, or decrees of this court."

Benjamin Green, the father, has paid only $70 on this decretal order for the support of the children, and Perla McAllister Green, the mother, for the use and benefit of these two minors, instituted this suit in the Circuit Court of Houston County, in this State, to recover these past due installments, as provided in said final divorce decree. The suit was begun by attachment of certain realty situated in Dothan, Alabama, as the property of said Benjamin F. Green. There was judgment for plaintiff in the sum of $4,907.70, there being no dispute as to the amount past due and unpaid, and the realty attached was ordered sold for its satisfaction. From this judgment defendant prosecutes this appeal.

Defendant interposed pleas to which demurrer was sustained, and the assignments of error relate to these rulings which need no specific treatment here.

There is in substance but one fundamental question presented, that is, whether or not the decretal order as to the installment payments for the education and support of the two minor children, as found in the decree of divorce, was such a final judgment or decree as entitled it to the protection of the full faith and credit clause of the Federal Constitution, Article 4, section 1.

Provisions in divorce decrees for the support of minor children are considered by the Florida court as analogous to those of alimony for the wife (Heckes v. Heckes, 129 Fla. 653, 176 So. 541), and, likewise, so treated by the Supreme Court of the United States. In Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 185, 78 L.Ed. 269, 90 A.L.R. 924, the husband was held entitled to plead as a complete defense the finality of the Georgia court's decree as to support of his minor child, with which decree he had fully complied; the court saying: "He has fulfilled the duty which he owes her by the law of his domicile and the judgment of its court. Upon that judgment he is entitled to rely. It was settled by Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann. Cas. 1061, that the full faith and credit clause applies to an unalterable decree of alimony for a divorced wife. The clause applies, likewise, to an unalterable decree of alimony for a minor child."

The following text from 17 Am. Jur. 537 is fully sustained by the authorities:

"The question whether a provision in a divorce decree for the maintenance and support of a child is, under the full faith and credit provision of the Federal Constitution, entitled to recognition and enforcement in a suit other than the one in which the decree is rendered is dependent upon the further question as to whether such a provision of such a decree may be regarded as final. If final, it is protected by the full faith and credit clause of the Federal Constitution and is enforceable in another state. Where such provision of the decree is, either under the statute or by its very terms, subject to modification, in the discretion of the court, either as to past-due installments or as to installments to fall due in the future, it is obvious that the decree is not final and therefore is not entitled to full faith and credit in another state. Where, however, the order for such installments is transformed, in the state in which the original decree was rendered, into a final judgment for a definite sum payable presently, then

their payment may be enforced in another state.

"Where, by the law of the state where rendered, the decree is not subject to modification at the discretion of the court as to installments which are already due, then the judgment as to such installments is final and must be given full faith and credit in another state. * * *

"As to installments not yet accrued, the opposite rule applies; that is, they are not entitled to the protection of the full faith and credit clause because in such case no money is yet due and as to such installments the decree is generally understood to be subject, upon proof of changed circumstances, to modification by by the court rendering it."

Numerous cases in point are found cited in the note to Yarborough v. Yarborough, supra, 90 A.L.R. 924; Adair v. Superior Court, 94 A.L.R. 328; Holton v. Holton, 41 A.L.R. 1415.

In the state of Florida (Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205), as in this State (Epps v. Epps, 218 Ala. 667, 120 So. 150; Worthington v. Worthington, 224 Ala. 237, 139 So. 334), past due installments under a final decree, which remain unpaid, constitute vested property rights, and are to be protected as such. In the Van Loon case, supra, the Florida court construed the statute of that state (Chapter 16780, Acts 1935), giving to the court the power of modification as to alimony decrees, as not having any retroactive effect and in no manner disturbing vested rights relating to past due and unpaid intallments. Such construction is in harmony with the ruling of this Court in Barrington v. Barrington, 200 Ala. 315, 76 So. 81.

The decree of the Florida court in the instant case was without any reservation of any right of modification, and no statute existed which in any manner affected any vested rights as to these past due installments. The ruling of the trial court that the decree was a final one entitled to the protection of the full faith and credit clause of our Federal Constitution, was well sustained by the authorities, particularly that of Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061, considered as the leading authority upon this question, and is here of controlling importance. The holding of the court in that case is well expressed in the headnote as follows:

"A decree for the future payment of alimony is, as to instalments past due and unpaid, within the protection of the full faith and credit clause of the Federal Constitution, provided that no modification of the decree was made prior to the maturity of such instalments, unless by the law of the state in which the decree was rendered its enforcement is so completely within the discretion of the courts of that state that they may annul or modify the decree, even as to overdue and unsatisfied instalments. * * *

"Decrees of the New York courts for the future payment of alimony are not subject to annulment or modification by those courts as to overdue and unsatisfied instalments, so as to deprive such decrees of the protection, as to past-due and unpaid instalments, of the full faith and credit clause of the Federal Constitution."

But defendant says that in order for an action to be maintained in our State upon a judgment in another, it is necessary that the judgment should be a valid and final adjudication, remaining in full force in the state of its rendition, and capable of being there enforced by final process, citing 34 Corpus Juris 1105.

And it is further insisted the judgment or decree here in question does not meet these requirements, in that execution could not issue thereon, under the decision of the Supreme Court of Florida in the case of Dickenson v. Sharpe, 94 Fla. 25, 113 So. 638, without a further order of the court ascertaining and fixing the amount due thereon. Such was the statement of the court arguendo in the Dickenson case, supra, though the question there presented was whether or not under the statutes of that state such a judgment for alimony constitutes a lien upon the estate of the husband against whom such decree was rendered.

But, notwithstanding this statement in the opinion, and conceding its full force and effect, it nevertheless follows the decree is enforceable in the state of Florida, though ascertainment of the total amount past due was first to be made before execution should issue. This is only a method of procedure for enforcement that in no wise affects the finality of the judgment justifying its protection under the full faith and credit clause of the Federal Constitution. This argument of

410

defendant is answered in the Sistare case, supra, as expressed in the head-note in 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061: "A judgment enforceable in the state where rendered must be given effect in another state, under the full faith and credit clause of the Federal Constitution, although the modes of procedure to enforce its collection may not be the same in both states."

We forego further discussion. The rulings of the trial court were free from error, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.