25 So.2d 783

**NEW YORK LIFE INS. CO. v. STOKES.**

4 Div. 395.

Supreme Court of Alabama.

March 7, 1946.

Rehearing Denied April 18, 1946.

640

Rushton, Weil, Stakely, Johnston & Williams, of Montgomery, for petitioner.

E. O. Baldwin and C. B. Fuller, both of Andalusia, opposed.

FOSTER, Justice.

We are called upon to review the opinion and judgment of the Court of Appeals affirming a judgment at law in favor of appellee.

The judgment is based on a decree of the circuit court, in equity, dated February 4, 1939, which in effect specifically performed a policy of insurance containing disability benefits. The decree recited applicable features of the policy and referred to others. In substance it provided for monthly benefits of $50 each payable during the life and continued total disability of insured which must also be permanent. There is no contest here made as to the validity and correctness of the decree. It adjudged and decreed that at the time of filing the bill assured was suffering from a total and permanent disability, and ascertained the amount of monthly installments due and unpaid at the date of the decree, and ordered payment of the aggregate amount of same. It also decreed that appellant must pay to appellee "$50.00 per month hereafter during the life and continued disability of said (assured by name)` commencing with the month of February, 1939, payable March 1, 1939, and on the first day of each month thereafter during the life and continued disability of said insured." This is an action at law to recover the amount of certain named monthly installments which accrued after the date of the decree.

The complaint is based on the foregoing decree, and alleges that the issue of permanent and total disability was duly presented and litigated between these parties, and the decree rendered as above stated.

On the trial of the instant suit plaintiff made no proof of the continued disability of assured, though he is still living, but civilly dead under a life sentence in the penitentiary. No point is here made that he is not in life within the meaning of the decree and policy. The only proof on the subject of his disability was by appellant, and that was to the effect that he was not under total disability during the period covered by this suit.

The question is whether an action at law may be maintained on a decree in equity finding a status to exist and ordering monthly payments to be made during the continuance of that status, and, if so, whether in defense of such action it may be shown that there has been a change of it.

■ The question of controlling importance in the first instance is whether the decree as rendered directing the monthly payment thereafter of $50 during the life and continued disability of said assured is such an unconditional judgment for money as will support an action at law. We find that in Alabama, as elsewhere, when a decree in equity is made absolute for a certain sum of money it is conclusive, and an action at law may be maintained based on it. McAlister v. McAlister, 214 Ala. 345, 107 So. 843; Phillips v. Thompson, 3 Stew. & P. 369; Green v. Foley, 2 Stew. & P. 441. It is said in other jurisdictions that "where the decree is solely for the recovery of a specific sum of money and subject to no conditions," it will support such an action. 30 Corpus Juris Secundum, Equity, § 619, P. 1019; 21 Corpus Juris 698, section 868; Du Bois v. Seymour, 3 Cir., 152 F. 600, 11 Ann.Cas. 656. Those authorities emphasize the necessity that the decree shall be subject to no conditions.

The nature of a decree which will support an action at law was considered in McAlister v. McAlister, supra. In that case the decree ordered payment of alimony of "$50 every 30 days thereafter as long as said alimony is necessary, or until the plaintiff * * * should contract another marriage." An action at law was filed seeking to collect installments past due. While the decree was rendered in a foreign state, that circumstance did not have influence in determining whether an action at law would lie. In construing that decree as conferring a cause of action for the deferred installments, the Court observed: "As to the plaintiff's right to receive payment of the installments of alimony as they accrued, there existed, not merely the general power of the court to modify or revoke its order in the premises, ineffective to deny plaintiff's vested right unless and until duly exercised by the decreeing court; but there was written upon the face of the order itself, except as to the first installment, a clear restriction upon defendant's duty to pay in such sense as to deny to plaintiff any vested right in future accruing installments, and reserving to the rendering court exclusively the right and the power to ascertain the existence vel non of the contingency upon which they were to be paid. Certainly a court of law in this state is without authority to entertain and adjudicate an issue of purely equitable nature and cognizance, as presented by the allegations of the amended complaint."

■ We have a line of cases which hold that when a decree orders deferred payments periodically, with no power to modify being reserved, the past-due installments "become a debt of record, a vested estate of the wife, beyond the power of the court to destroy." Epps v. Epps, 218 Ala. 667, 120 So. 150, 152; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825; Green v. Green, 239 Ala. 407, 195 So. 549.

■ Under the authority of Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911, we held also that except as to matured installments under such a decree the general power of the court to modify or revoke its order existed. But in McAlister v. McAlister, supra, it was held as we have shown that such terms in a decree as here material served to deny plaintiff any vested right in future accruing installments, and to reserve to the rendering court exclusively the right and power to determine the existence of the contingency on which they were to be paid, and to modify such order. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 157 A.L.R. 163; William H. Griffin v. Grace H. Griffin, 66 S.Ct. 556.

642

Under such circumstances it was also held that an action at law would not lie on a matured installment for it was still in the power of the rendering court to modify it. This principle does not conflict with that declared in Epps v. Epps, supra, and followed in other cases. See McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318. All of our cases which hold that the maturity of an installment absolutely fixes a liability are where the decree declares no contingency on which it is payable. That is likewise true in Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205, cited in Green v. Green, supra.

We do not agree with counsel for appellee, or the Court of Appeals, that the decree here involved fixed a status of permanent total disability effective throughout the life of assured. We do not understand the case of John Hancock Mutual Life Ins. Co. v. Large, 230 Ala. 621, 162 So. 277, to hold that such a decree is so operative. That case holds that the decree fixed a status then existing and was conclusive of it, fixing a liability payable in installments, which payment was not dependent upon the continuance of a disability.

■ In the instant case, the decree fixes a status controlling as to all installments then past due. While it was a decree as to the permanency of the disability which looks to the future, it recognizes the fact that it may not be permanent for it also requires a continuance of that status. It therefore recognizes the fact that a present status of what is supposed to be permanent may in the future prove not to be so. Under such a decree, we think the question would be one of total disability, not of permanency, for if the disability so continues there would be a presumption that it was permanent during such disability. The decree is not that payments shall be made if the disability remains permanent, but during continued disability. Although it was decreed to be permanent, its immediate effect in that respect is for the purpose of ordering payment of installments then due. If it was in fact permanent it was bound to continue as long as assured should live. The adjudication of permanency was impliedly modified by requiring the disability to continue in fact.

We discussed a similar question in Mutual Life Ins. Co. of New York v. Brunson, 246 Ala. 233, 20 So.2d 214(9).

We do not think that an action at law may be maintained on the basis of a matured installment set up in a decree of the sort here described.

The affirmative charge was due to be given for appellant. The judgment of the Court of Appeals is reversed and the cause remanded to that court.

Reversed and remanded.

All the Justices concur, except STAKELY, J., not sitting.