26 So.2d 92

**IVES v. IVES.**

1 Div. 250.

Supreme Court of Alabama.

May 9, 1946.

Johnston, McCall & Johnston and John L. Moore, all of Mobile, for appellant.

D. R. Coley, Jr., of Mobile, for appellee.

FOSTER, Justice.

This appeal is from a decree overruling demurrer to a bill in equity which seeks a personal judgment for past due amounts decreed by a court of equity in Florida as alimony on granting a divorce. The decree provided "that one-half of defendant's salary up to and including $20.00 per week be and the same is hereby fixed and allowed to the plaintiff as alimony to be paid by defendant to the plaintiff only when defendant is gainfully employed, to be paid to plaintiff weekly or semi-weekly, depending upon the manner in which defendant receives his salary."

This decree in Florida is subject to the comment made in McAlister v. McAlister, 214 Ala. 345, 107 So. 843, and applied in our recent case of New York Life Ins. Co. v. Stokes, 25 So.2d 783, in this court.

690

But as appellant correctly argues if complainant is entitled to a personal judgment in Alabama, on the basis of the installments decreed in Florida, a court of law is ample to render such a judgment, and since relief at law is adequate, equity will not take jurisdiction. The case of McAlister v. McAlister, supra, refers to the rule that an action in debt may be maintained at law on a decree in equity for the payment of money inmmediately upon its rendition, and also for future installments when they become due, and which are not then subject to modification by the court which rendered the decree, and are then complete. If the Florida decree will not support a suit in debt at law in Alabama, there is no equitable principle here pointed out which will justify a suit in equity in Alabama for that purpose.

The decree in question is not for a fixed and definite sum. Its amount is dependent upon whether defendant is gainfully employed and what his salary is and when payable. A decree which does not definitely ascertain and fix the amount to be paid, and time of payment, and which attaches any contingency to its payment will not support an action at law until the court rendering the decree has ascertained the amount and removed the contingency. This was pointed out in our case of McAlister v. McAlister, supra, and in New York Life Ins. Co. v. Stokes, supra.

The case of Green v. Green, 239 Ala. 407, 195 So. 549, was an action at law based on an alimony decree rendered in Florida. But that decree fixed a definite sum to be paid without condition or contingency. Such amounts become after they are due and unpaid absolutely fixed with all the properties of a personal judgment, and cannot be modified or annulled and are not dependent upon any unascertained state of facts.

A court of equity has no more power under such circumstances than a court of law to render a personal decree for money except of course the court of equity which rendered the decree in the first instance. Neither court in this State has jurisdiction to render a personal judgment on a decree such as is here declared on until the Florida court ascertains and de-

crees the existence of the matters there left open on the basis of which the amount is to be fixed. The court of equity which renders the decree is the only court of equity which will entertain a bill to enforce it, Griffin v. Spence, 69 Ala. 393(3); Sollie v. Outlaw, 204 Ala. 522, 86 So. 380, in the absence of some other equitable principle which supports its jurisdiction. Attention is called to the fact that the Florida decree divorced the parties, which cut off all right to alimony except such as was awarded in the decree or as that decree may be modified by the court which rendered it. Downey v. Downey, 98 Ala. 373, 13 So. 412, 21 L.R.A. 677; Golden v. Golden, 102 Ala. 353, 14 So. 638.

The demurrer to the bill should have been sustained. A decree to that effect is here rendered, allowing twenty days in which to amend the bill if advisable in the light of our cases.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.