94 So.2d 217

James G. NASH

v.

Margaret B. NASH.

6 Div. 296.

Court of Appeals of Alabama.

Jan. 15, 1956.

Rehearing Denied Feb. 12, 1957.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellant.

684

Pritchard, McCall & Jones, Birmingham, for appellee.

HARWOOD, Presiding Judge.

These cases were submitted upon motions to strike the record, and upon the merits.

After the consideration of the motions to strike we are of the conclusion that they should be denied.

These appeals are from four judgments in the amount of $350 each rendered by the Honorable Whit Windham, one of the judges of the Tenth Judicial Circuit, in suits by the appellee against the appellant based on a decree for the payment of alimony rendered by circuit court of the Twelfth Judicial Circuit of Florida (Sarasota County).

In the proceedings below the four suits were consolidated for trial. In the record filed here each suit appears as a separate entity insofar as the respective pleadings, judgments, etc. are concerned.

From the record it appears that in May 1954 the Florida court entered a decree of

divorce a vinculo matrimonii in which the respondent (appellant here) was ordered to pay the complainant (Appellee here) the sum of $350 per month as permanent alimony, beginning on 25 June 1954, and payable "each and every month hereinafter during her natural life or until her remarriage."

The decree for alimony reflected a property settlement agreement entered into between the parties to the divorce, which was confirmed in all respects in the decree.

Personal service was had on the appellant in the divorce proceeding.

A suit was begun in the Intermediate Civil Court of Birmingham for payment of the alimony installment due on 25 September 1955. By the time of trial two additional suits for the installments due in October and November, 1955 had been filed.

In the Intermediate Civil Court apparently the defense set up was that the judgment for alimony was a conditional judgment, and therefore not a proper basis for a suit in Alabama.

Probably on this basis the judge of the Intermediate Civil Court returned judgments in favor of the defendant (appellant here).

Appeals from these judgments of the Intermediate Civil Court were perfected to the circuit court.

During the pendency of these appeals to the Circuit Court of Jefferson County, the appellee here filed in the Circuit Court of Twelfth Judicial Circuit of Florida, the court which had granted the divorce, a petition for a rule to issue to the appellant here to show cause why the amount of alimony in arrears should not be adjudicated. The Circuit Court of Florida ordered that notice of the hearing be given appellant by notice to Williams, Dart, and Bell, attorneys of record for the defendant in the original divorce proceedings, and by delivery to the appellant of a true copy of the petition, at least ten days before hearing, and further by the Clerk mailing a true copy to the defendant by registered mail, to the address shown in the petition, return receipt requested, at least ten days before such hearing.

In this connection the record shows that Messrs. Williams, Dart and Bell, upon service of notice upon them, filed an affidavit that their employment by the defendant terminated upon the entry of the divorce decree, and that they are no longer attorneys for the defendant.

The copy mailed by the Clerk, as the record shows, was receipted for by the appellant, and also by Marie Rinehart, as addressee's agent, on 7 January 1955.

The Clerk of the Florida court however certified that on 5 January 1955 he mailed a true and correct copy of the show cause order to the defendant, by registered mail, at 1602-3rd Avenue, North, Birmingham, Alabama, and that the return receipt had been filed showing it was received and signed for by Marie Rinehart, acting as agent for James G. Nash.

There is also an affidavit from Calvin R. Holcombe, a deputy sheriff for Jefferson County, Alabama, that he received a "true and correct copy of the attached and foregoing Petition for Rule to Show Cause * * * on or about the 11th day of January 1955. I am personally acquainted with the said James G. Nash. He is now, and has been for a number of months past, engaged in what is commonly known as the short loan or personal finance business in the City of Birmingham, with offices at 1602-3rd Avenue, North, in said City. Promptly upon receipt of said Petition and Order, I went to James G. Nash's place of business, for the purpose of serving the same upon him. I made a number of trips to his place of business but on each occasion was advised that he was not available for service. On the 19th day of January, 1955 I did personally contact him, and I did personally serve on said date on James G. Nash, the attached and foregoing Petition for Rule to Show Cause, and order

to show cause by personally handing to the said James G. Nash a true copy of said petition and order. I served the said petition and order."

On the 25th of January 1955 the Florida court found that the defendant had received notice of the petition from: the mailing of the copy of the petition, and order, which was receipted for by one Marie Rinehart as defendant's agent; from the service on defendant's attorney of record in the divorce proceedings; and by personal service by a deputy sheriff of Jefferson County, Alabama, after repeated attempt.

The court further found that the defendant was in arrears in the payment of monthly installments of permanent alimony of $350 each, which were due on the 25th day of September, October, November, and December, 1954, aggregating $1,400.

After the rendition of this decree by the Florida court the appellee here filed a fourth suit in the Circuit Court of Jefferson County, claiming the sum of $1,400, due by the judgment of the Florida court rendered in the show cause proceedings (Count 1), and also due by account (Count 2).

The appellant filed pleas in abatement to this fourth suit, alleging the pendency of the three suits for $350 each for the recovery of alimony, and the recovery of the judgment in the show cause proceedings.

The court sustained the demurrers filed to the pleas in abatement as to the entire cause of action, but overruled the demurrers as to three fourths of the amount claimed in the fourth suit. The effect of this ruling was to leave intact a claim for $350, claimed due under the fourth suit for $1,400.

One or more of appellant's assignments of error alleges error on the part of the lower court in sustaining appellee's demurrer to appellant's Plea C, addressed to the complaint as amended.

The plea asserts that the judgment of the Florida court for alimony, being the basis for the first three suits, is not a final judgment entitled to recognition.

It is the contention of counsel for the appellant that the provision in the divorce decree awarding permanent alimony to the appellee, to be paid appellee on the 25th day of each month "during her natural life or until her remarriage" renders the judgment a conditional one.

There is no merit in this contention.

We think it clear that the law of Florida is to the effect that past due installments under a final decree, which remain unpaid, constitute vested property rights, and are to be protected as such. Green v. Green, 239 Ala. 407, 195 So. 549; Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205. In the Van Loon case, supra, the Florida court construed the statute of that State giving the court the power of modification as to alimony decrees, as not having retroactive effect as to past due and unpaid installments.

Counsel for appellant contend however that the provision that the payments are to be made during the life of the wife, or so long as she remains unmarried brings the judgment within the influence of those cases dealing with conditional judgments. Counsel in this aspect relies upon the cases of McAlister v. McAlister, 214 Ala. 345, 107 So. 843; New York Life Ins. Co. v. Stokes, 247 Ala. 639, 25 So.2d 783, and Ives v. Ives, 247 Ala. 689, 26 So.2d 92.

The decree in the McAlister case, supra, was for the payment of monthly alimony installments " 'as long as said alimony is necessary, or until the plaintiff should * * * contract another marriage.' "

Our Supreme Court held that the reservation to the rendering court exclusively to determine the existence of the contingency upon which the installments were to be paid prevented a right vesting in the wife until determined by the decreeing court. It is clear from the entire opinion

that *the* contingency in the decree by the court was that of the necessity for the payments.

In the New York Life Ins. Co. v. Stokes case, supra [247 Ala. 639, 25 So.2d 784], the lower court decreed that the insurance company pay to the insured " '$50.00 per month during her life and continued disability.' " Our court held that the decree was not for a sum certain, but a contingent one which would not support an action at law for certain installment accruing after the date of the decree.

In the Ives case, supra, the decree sued upon provided that the defendant was to pay alimony "only when defendant is gainfully employed."

Our Supreme Court held that this decree would not support an action at law until the contingency had been ascertained by the rendering court.

Clearly, the provisions in the above decrees or judgments necessitated an exercise of judicial investigation and determination to finally fix the amounts due.

Such a situation is far different from the provision of the decree now under consideration.

As stated in Comment B to Section 437 of the American Law Institute's Restatement, Conflict of Laws:

"A money judgment conditioned as an act to be done, or upon the happening of an event, will be enforced in another State if the condition has been performed or the event has happened before or at the time of bringing suit upon it." See also Beale, Conflict of Laws, Vol. 2, Sec. 437.1 and cases cited.

The Florida decree for the payment of alimony became a final judgment as to each installment as the respective due dates occurred and the appellee remained unmarried.

During the trial below the appellee offered in evidence interrogatories pro-pounded to Margaret B. Nash, the appellee, and to Clyde H. Wilson, a practicing lawyer in Florida for more than twenty years, together with the answers to the respective interrogatories.

In each instance appellee objected to the introduction of the interrogatories and answers as a whole. The court overruled these objections.

Objections to the admissibility of an entire deposition must be made before entering upon trial, unless the matter is not disclosed in the deposition, and appears after the commencement of the trial. Sec. 470, Tit. 7, Code of Alabama 1940, and cases cited thereunder.

The lower court therefore properly overruled the objections to the depositions as a whole.

Although offered and received in evidence, the answers of Margaret B. Nash are not included in this record.

Counsel for appellee interposed objections to certain specific questions and answers in the deposition of Clyde H. Wilson, and assigned errors based on the rulings in these instances. These assignments are not however argued in brief, and we pretermit consideration of them.

During the proceedings below one of appellant's attorneys, after stating he had made a study of the Florida statutes and decisions as to divorce and alimony, sought to testify as an expert as to the Florida law in this field. The attorney was not a member of the Florida bar.

Upon appellee's objection he was not so permitted to testify, though there were received in evidence the Florida statutes and decisions made a basis of his study, and upon which he sought to give his testimony as an expert.

The sounder rule is for the court to ascertain the law of another State as applied to given facts. Smith v. Blinn, 221 Ala. 24, 127 So. 155. This the court did in this case after due consideration of the

statutes and decisions of Florida, including those used by counsel for appellant in his studies of the law of Florida. The issue of the law of Florida was for the court. Inge v. Murphy, 10 Ala. 885.

Further, the competency and qualification of a witness to testify as an expert is largely in the discretion of the trial court, and the exercise of his discretion will not be disturbed in the absence of palpable abuse and probable injury. See 9 Ala. Digest, Evidence, ☞546, for innumerable authorities. We find no abuse of discretion in the trial court's ruling in this instance.

■■ Counsel for appellant devote considerable space in their brief arguing that the alimony decree rendered by the Florida court became merged in the order of 25 January 1954 finding four installments of the alimony to be due, and further contend that appellant was not properly served in the show cause proceedings, and therefore no suit can be maintained on the order of 25 January 1954.

Counsel place the cart before the horse in arguing that the decree of alimony became merged in the order ascertaining the numbers and amounts of the past due installments.

As stated in 3 Am.Jur., Judgments, Sec. 435, "a judgment is regarded as final if no further questions can come before the court except such as are necessary to be determined in carrying it into effect. In such case, the subsequent action of the court is regarded as a subsequent proceeding *and only auxiliary to or in execution of the final judgment*." (Italics ours.)

Actually, since the decree for alimony became a final judgment as to each installment on the day the same became due, and the appellee remained unmarried, the trip to Florida to have the Florida court ascertain the amounts to be due was an unnecessary one. Undoubtedly counsel for appellee took this step out of an abundance of caution in view of the ruling by the In-

termediate Civil Court above-mentioned. Its only real effect was to furnish counsel for appellant a fertile source of grounds for objection upon the introduction of the decree of 25 January 1954.

The Florida court in the show cause proceedings found in the decree of 25 January 1954 that the appellant had been duly served with notice. The law of the forum determines the methods of serving process and giving due notice of proceedings to the defendant. Sec. 589, Am. L. Institute Restatement of Conflict of Laws; Stumberg, Conflict of Laws, p. 130, and cases cited.

This rule makes unnecessary consideration of the objections interposed in the Alabama proceedings, which objections question the service in the Florida show cause proceedings.

This aside, the entire proceedings to ascertain the amount of alimony installments due was immaterial to the issues of these suits, since the alimony decree itself was a final judgment as to matured installments.

■ As to the plea in abatement filed in the fourth suit claiming $1,400, it is to be noted that while count 1 in this suit is based on the order of 25 January 1954, ascertaining that four installments, totalling $1,400 were due and unpaid, count 2 claims $1,400 due by account.

The action of the court in overruling appellee's demurrers to the pleas in abatement as to three of the prior suits described in the plea for the installments due in September, October, and November, 1954, and sustaining the demurrer as to the remainder of the claim, that is as to the installment due in December 1954, in effect reduced the fourth suit to a claim for $350, the amount due under the alimony decree for the month of December 1954.

Where sums are payable in installments, each default in payment gives rise to a separate cause of action, upon which a

separate suit may be brought. Gravett v. Allen Graphite Co., 1 Ala.App. 656, 56 So. 17.

The installment past due for December was not covered in the first three suits. Clearly therefore judgments in the three prior suits would not be a bar to the fourth suit for an amount additional to the amounts covered in the first three suits.

The action of the court in overruling the demurrer to the plea in abatement only as the three installments covered in the three pending suits, and sustaining the demurrer to the remaining part of the claim was proper, for the plea in abatement was not valid as to the last installment. 1 C.J.S. Abatement and Revival, § 46; Dawson v. Frazar, 150 La. 203, 90 So. 570; See also Alcolm Co. v. Philip Hano & Co., Sup., 96 N.Y.S. 221; Peurifoy v. Davis, Tex. Civ.App., 101 S.W.2d 625; Moore v. Stephenson, 279 Ky. 780, 132 S.W.2d 316.

Even had some of appellant's contentions contained merit, which they do not in our opinion, it would appear that an affirmance of the judgments of the lower court would be in order for the following reason.

The undisputed evidence shows that a decree for the payment of alimony installments had been rendered against this appellant, the decree in this respect but reflecting the agreement for such payments signed by the appellant prior to the divorce suit. The decree, as to the installments, became a final judgment as to each installment on the 25th of each month passed during the life and non-marriage of the appellee. While actual evidence is lacking as to appellee's non-marriage, the interrogatories propounded to her disclose questions, the answers to which, would have supplied such evidence. Her answers were received in evidence, and were before the court below, though such answer was not contained in the record forwarded to us. We must, as to this review therefore assume that the lower court had sufficient evidence before it in this regard.

The appellant at no time has denied owing the judgments, nor shown any matters in justification of his non-payment. Instead his defense has been a barrage of hypertechnicalities in no way affecting the ultimate issue.

 When a cause is tried before a court without a jury, the court is presumed to eliminate all improper evidence when it makes its judgment upon the entire evidence. Especially is this so when the finding is in accord with what it should have been if improper evidence was not considered. Hurt v. Nave's Admr., 49 Ala. 459; International Agr. Corp. v. Southern Ry. Co., 188 Ala. 354, 66 So. 14; Pensacola St. A. & G. S. Co. v. Brooks, 14 Ala.App. 364, 70 So. 968; Douglass v. Orman, 22 Ala.App. 518, 119 So. 601.

We have not treated every proposition raised by the appellant. The consolidated trial has complicated our review. We have however treated those points which we believe material to a proper disposition of these appeals, and are clear to the conclusion that orders of affirmance as to each judgment should be entered.

Affirmed.