EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support case.
The parties were divorced on December 2, 1982, by an Ohio divorce decree, which granted the custody of Jennifer, the minor child of the parties, to the mother and ordered the father to pay the mother $100 per month as child support. The mother became a resident citizen of Alabama and on May 18, 1983, filed a complaint in the Circuit Court of Dale County, seeking satisfaction of the Ohio decree as to custody, an increase in child support and her attorney’s fees. The father answered the complaint on June 8, 1983, and filed a motion to dismiss and a counterclaim on July 13, 1983, the date of the trial. His motion to dismiss was never ruled upon by the trial court. The counterclaim alleged that the mother had denied him visitation privileges with the child. He sought ratification of the Ohio divorce judgment and the enforcement of his visitation privileges as granted in a June 1983 Ohio judgment.
Before the trial started, the parties reached a full agreement that the Alabama court enforce the Ohio court’s June 1983 decree as to the father’s rights to visit with Jennifer. Evidence from both the mother and the father was heard by the trial court, and the testimony was limited to the sole issue of Jennifer’s support. The final judgment of July 21, 1983 enforced the Ohio adjudication of the father’s rights of visitation with the child in accordance with the pretrial agreement of the parties. As to future child support, the father was ordered to pay to the mother $200 each month. The father was directed to pay $150 as an attorney’s fee for the mother’s legal representation in the case. The father appealed.
His first issue is that the trial court erred “by not granting” his motion to dismiss. The circuit court did not rule upon *145 that motion. In the absence of an adverse ruling thereon by the trial court, we have nothing to review. Statham v. Statham, 282 Ala. 322, 211 So.2d 456 (1968); Rountree v. Sanders, 413 So.2d 1159 (Ala.Civ.App.1982).
The father further complains that the trial court should not have modified the Ohio decree by increasing the child support award. He contends that no material change in the circumstances was disclosed by the evidence.
In viewing the testimony under the prevailing presumptions, the following pertinent facts are revealed. The mother testified that $100 per month was inadequate support for the three-year-old child. Jennifer’s clothing costs $20 monthly and she will be enrolled as a first-time student in a church school for above average three-year-olds at a per-month cost of $84. The mother, her parents and Jennifer reside together and their total monthly food bill is about $400, while their rent is approximately $600 each month. She estimated Jennifer’s monthly expenses at $270. After the divorce, the mother began to work, but recently became unemployed in order to nurse a seriously-ill parent. The mother then had no income. The father’s gross military salary and allowances is $1,965 each month and he nets $1,308. Among deductions from his earnings are allotments of $171 to a credit union for the repayment of loans and $200 for the support of his two children by his first marriage. His present income is the same as when the parties were divorced.
A provision in a divorce judgment for the support of a child, as to installments not yet accrued, is not entitled to the protection of the full faith and credit clause since no money is yet due. Green v. Green, 239 Ala. 407, 195 So. 549 (1940). In Murphy v. Murphy, 395 So.2d 1047 (Ala.Civ.App.1981), a Georgia divorce decree ordered the husband to pay $50 per week for child support. Subsequently, both parties moved to Alabama, and litigation ensued in Alabama concerning child support. From an adverse final judgment, the wife appealed and, as to presently relevant matters, this court determined as follows:
“The appellant next claims that the trial court erred in setting the amount of support payable in the future at $30 per week. Appellant views this as a modification of the Georgia decree’s $50 per week support provision and challenges the authority of the circuit court to so modify. Alabama courts may modify support provisions in a sister state’s divorce decree with respect to future installments when the parties are properly before it. Wood v. Wood, 275 Ala. 305, 154 So.2d 661 (1963); Green v. Green, 239 Ala. 407, 195 So. 549 (1940). Although this matter was initiated by the appellant as a contempt proceeding, and we find no petition for modification, the record tends to indicate that it evolved into inclusion of present ability of appel-lee to pay future child support.
“We view the order setting future support at $30 per week not as a modification of the Georgia decree, but as an original order of support. The parties were before the court. It had jurisdiction to enter an order for support.”
395 So.2d at 1049.
These parties also were both before the trial court. The child resided with the mother in Alabama. The circuit court had both in personam and subject matter jurisdiction and was authorized to enter a child support judgment.
A modification in child support must be founded upon changed circumstances as to the child’s needs or as to the means of the parents and is a matter for the exercise of the judicial discretion of the trial court. Taylor v. Taylor, 412 So.2d 1231 (Ala.Civ.App.1981). Where the evidence was heard by the trial court, that court’s finding is presumed to be correct and will not be disturbed upon appeal if it was supported by the evidence unless it was palpably wrong. Kaiser v. Kaiser, 434 So.2d 264 (Ala.Civ.App.1983); Casey v. Casey, 421 So.2d 128 (Ala.Civ.App.1982). In a child support case, a support award *146 based upon the needs of the child and the ability of the parents to pay falls within the discretion of the trial court. Tucker v. Tucker, 403 So.2d 262 (Ala.Civ.App.1981). Here, the judgment of the trial court was not palpably wrong and was supported by the testimony regardless of whether the final judgment be viewed as an original order of support or as a modification of the Ohio support judgment. No abuse of discretion is revealed by a thorough study of the entire evidence. We find no error as to that issue.
The grant of an attorney’s fee to the mother in this case was within the discretion of the trial court, and there was no abuse in that award of $150. Taylor v. Taylor, supra.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.