This is a postdivorce proceeding for collection of alimony.
John Milton Johnson and Betty Jo Capps Johnson were divorced in Harrison County, Mississippi on April 2, 1982. The judgment of divorce ordered the husband to maintain certain insurance policies and to pay $140 per month as alimony "until such time as she dies, remarries or further order of this court."
After two payments the husband ceased to pay. On May 17, 1984 Mrs. Johnson filed a complaint in the Circuit Court of Mobile County to domesticate and enforce the Mississippi judgment and to cite the defendant for contempt. The trial court, after an ore tenus hearing, ordered the defendant to pay plaintiff the sum of $3,780 for arrearage but declined to hold defendant in contempt. The court also awarded to plaintiff the sum of $150 as an attorney's fee.
Defendant contends the trial court erred in denying his motion to dismiss. The motion to dismiss alleges the Mississippi decree is not a final decree, contending it does not fix a certain amount of alimony to be paid and is not entitled to full faith and credit, as the term of the judgment "until such time as she dies, remarries or further order of this court" makes it ambiguous and contingent.
Under the full faith and credit clause, U.S. Const. art. IV, § 1, Alabama courts will enforce a Mississippi alimony decree with respect to installments accrued and unpaid unless said installments were *Page 118 
subject to retroactive modification in that state. Maner v.Maner, 401 F.2d 616 (5th Cir. 1968); Green v. Green, 239 Ala. 407,195 So. 549 (1940). The law of the state of Mississippi as to accrued unpaid alimony is stated in Rainwater v. Rainwater,236 Miss. 412, 110 So.2d 608 (1959):
 "It is settled beyond question by the decisions of this Court that, after alimony has accrued, there is a vested right thereto, and that interest is allowed thereon. Besides a court cannot give relief from civil liability for any payments that have already accrued." (citations omitted)
In the instant case the Mississippi judgment is for a fixed and definite amount. The past-due installments not being subject to modification must be given full faith and credit as a final judgment. Maner v. Maner, supra; Ives v. Ives, 247 Ala. 689,26 So.2d 92 (1946); Green v. Green, supra. Moreover, remarriage does not prevent unpaid past-due installments of alimony from being a final judgment. The trial court did not err in overruling defendant's motion to dismiss.
Defendant further argues that he showed a common-law marriage between plaintiff and Stanford Davidson in that plaintiff and Davidson lived together in Mississippi, South Carolina, and Florida. Defendant concedes that Florida and Mississippi have abolished common-law marriages. Additionally, defendant fails to cite or prove the law of South Carolina as to the requirements of a common-law marriage. Also, this court cannot take judicial knowledge of the laws of a sister state. Watkinsv. Brannon, 54 Ala. App. 424, 309 So.2d 464 (1974), cert.denied, 293 Ala. 778, 309 So.2d 468 (1975). Therefore, given the absence of any evidence concerning South Carolina's legal requirements for a common-law marriage, we cannot say that a common-law marriage existed.
The defendant further cites as error the trial court's failure to rule on his motion to modify due to changed circumstances. The record reflects that the circuit court has not ruled upon that motion. In the absence of an adverse ruling, we have nothing to review. Statham v. Statham, 282 Ala. 322, 211 So.2d 456 (1968); Rountree v. Sanders, 413 So.2d 1159
(Ala.Civ.App. 1982).
Defendant's final argument is that the trial court committed error by awarding an attorney's fee to plaintiff when the defendant was not found to be in contempt of court, and cites section 30-2-54, Code 1975, in support of his argument. This code section has been construed to mean that an attorney's fee in enforcement proceedings may not be awarded when the defaulting party has not been found in contempt of court.Grissett v. Grissett, 447 So.2d 760 (Ala.Civ.App. 1984);Hartsfield v. Hartsfield, 384 So.2d 1097 (Ala.Civ.App. 1980). The defendant was not found in contempt; hence the trial court's award of an attorney's fee in this enforcement proceeding is erroneous.
Plaintiff's request for attorney's fee on appeal is denied.
That aspect of the judgment holding that the unpaid alimony installments are final judgments and subject to enforcement in Alabama is affirmed; that aspect of the judgment awarding an attorney's fee to plaintiff is reversed and the cause is remanded for entry of judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 533