FRANK E. HECKES v. FRIEDA C. HECKES

176 So. 541.
Division A.
Opinion Filed October 23, 1937.

*H. E. Oxford,* for Appellant;
*R. H. Amidon,* for Appellee.

BUFORD, J.—Appellee sued for divorce on the ground of extreme cruelty by defendant to complainant, for suit money and alimony, for the custody of two children and for support of the children.

Divorce was denied; suit money was awarded; custody of a girl child thirteen years of age was awarded; permanent alimony was denied.

The final decree, amongst other things, provided:

"After carefully studying all the evidence with reference to the ability of the defendant, as found by the Master, and the necessities of the complainant for the support of the said daughter, Joan Heckes, as established by the record, and after considering the past relations of the parties and the nature of the properties owned by the defendant, in so far as they affect the question of safeguarding the support of the said daughter, Joan Heckes, I am of the opinion that a lump sum should be awarded the complainant for the support and care of the said daughter, Joan Heckes, payable in monthly installments, and that a reasonable sum

so to be allowed is $4,800.00 and that same should be paid to the complainant for the support of said daughter, Joan Heckes, at the rate of $50.00 per month without interest until paid; the first of said installments to be paid on the 10th day of March, 1937, and a like installment on the 10th of each succeeding month thereafter until the whole of said $4800.00 is paid. In arriving at these figures of a lump sum allowance, I have figured that it will be approximately 8 years before the said daughter, Joan Heckes, becomes 21 years of age, and figuring it would take $50.00 per month as a minimum for the complainant to provide and care for her during her minority, it would make a total of $4800.00.

"It Is THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED as follows:

"That the findings and report of the said Special Master, Vernon C. Rawls, be, and they are hereby confirmed, save and except as to his finding that the complainant should be granted a divorce, and as to the finding that $25.00 should be allowed to the complainant for the support of the daughter, Joan Heckes, and $35.00 for the support of herself and that these findings are not sustained, except as hereinafter included in this decree.

"It Is FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that the prayer of the complainant for a divorce against the defendant be, and the same is hereby denied, and that the custody, care and control of the daughter, Joan Heckes, be and is hereby awarded to the complainant, Frieda C. Heckes, and that the said defendant, Frank E. Heckes, shall pay to the complainant, Frieda C. Heckes, for the support and care of the said daughter, Joan Heckes, the sum of $4800.00 in full, and that the said complainant, Frieda C. Heckes, do have and recover of and from the said

defendant, Frank E. Heckes, in full for the support and care of said daughter, Joan Heckes, the said sum of $4800.00 and that said money shall be paid by the said defendant to the complainant as follows: $50.00 on the 10th day of March, 1937, and $50.00 on the 10th day of each month thereafter, until the whole sum of said $4800.00 has been paid in full.

"It Is Further Ordered, Adjudged and Decreed that no interest shall be paid on the said sum of $4800.00 or any part thereof, save and except interest at the legal rate on any installment thereof which may not be paid from and after the date such installment is hereby required to be paid."

And the final decree further provided:

"It Is Further Ordered, Adjudged and Decreed that this court does hereby specifically retain jurisdiction on all matters and things herein decreed, with reference to the support, control and custody of said daughter, Joan Heckes, for the purpose of enabling the court to make any such other and further orders or decrees with reference thereto as may be proper."

The main question presented, and the only one with merit, is that the Chancellor erred in awarding a judgment against the defendant for the lump sum of $4800.00 in favor of the wife for the maintenance of the girl child, though that amount is required to be paid in installments of only $50.00 per month.

The purpose of a decree against the father for money to maintain and support a minor child is to require the father to perform his duty to society and to the child in that regard, so long as both the child and the father live and so long as the father's circumstances will permit him to do so and those of a child under age require it. See Fuller v.

Fuller, 23 Fla. 236, 2 Sou. 426. This duty, however, is one which is ambulatory and arises as and when the child requires the maintenance and support.

In Phelan v. Phelan, 12 Fla. 449, it was said:

"Permanent alimony is not a sum of money or a specific proportion of the husband's estate given absolutely to the wife. It is a continuous allotment of sums payable at regular periods for her support from year to year. 5 Eng. Ec., 126, 129; 7 Dana, 681; 4 Hen. & Mun., 507; 4 Rand. 662; 4 Green, Iowa, 26."

By analogy, the same holding should be applied to a decree for support and maintenance of a child.

We hold that the decree should be reformed so as to eliminate the judgment for the lump sum of $4800.00, but should in all other respects be affirmed, with the provision that the Circuit Court retain jurisdiction of the parties and the cause with power to modify the decree as to the custody of the girl child and as to money for her support and maintenance, should a change in the status and condition of the parties require it.

The costs of this appeal should be taxed against appellant.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN, and CHAPMAN, J. J., concur in the opinion and judgment.