65 So.2d 754 (1953)
BEZANILLA
v.
BEZANILLA.
Supreme Court of Florida, Special Division B.
June 12, 1953.
*755 W. Curry Harris, Key West, for appellant.
Neblett & Youmans, Key West, for appellee.
PARKS, Associate Justice.
We review the proceedings and decree of the Chancellor in the husband's suit for divorce against his wife. His bill charges her with extreme cruelty. Her answer denies the charges and counterclaims for separate maintenance, custody of the three minor children and adequate support for them. The Chancellor determined the issue in his favor and granted a divorce. The decree further provided that she have custody of the children and required plaintiff to convey to her certain real estate on which was situated an apartment house having a net income of approximately $300 per month as a lump sum settlement of alimony burdened with the charge that out of this income she should furnish support for the children. No allocation of the income between her and the children was made. Other provisions of the decree need not be set forth.
This appeal attacks the sufficiency of the evidence to support the decree of divorce and the adequacy and validity of the lump sum provision for alimony consisting of the real estate with the charge of support for the children against its income.
The evidence, while sharply conflicting, furnishes sufficient basis for the decree of divorce and we are not justified in overturning the Chancellor's determination of the matter. We are further of the opinion that the lump sum settlement *756 of the real estate with the charge of the children's support against it was liberal in view of plaintiff's financial condition and future prospects. Because of the loss of his business and its income all will have to retrench the scale of their living expenses.
Defendant's apprehension that this provision of the decree for the children's support absolves plaintiff of all financial obligation for any further or additional support, should it be needed, is unfounded. Section 65.08, F.S. 1951, F.S.A., authorizes a decree for a lump sum settlement as alimony for the wife and when made discharges him of further liability for her support. Section 65.14, the controlling statute, empowers the Court "at any stage of the cause to make such orders touching the care, custody and maintenance of the children * * * as from the circumstances of the parties and the nature of the case may be fit, equitable and just". This statute contains no authorization for a complete and final settlement for maintenance of the minor children and the release and discharge of the father from his obligation in that regard. Its plain implication is that orders made for their support are ambulatory depending upon the needs of the children and his financial ability to furnish support. The highest spiritual and moral concepts, as well as the law, demand that the father, as far as his means reasonably permit, support them and this is a continuing duty until the children reach their majority or become self-supporting. Heckes v. Heckes, 129 Fla. 653, 176 So. 541.
The Chancellor could have with propriety allocated a specific portion of the income for the wife's alimony and the remaining portion for the children's support. Both the plaintiff and the defendant are entitled to have this done. Allocation may be made upon the application of either party. Should the net income of the property be lost or should it depreciate to such point that it is no longer sufficient to satisfy the wife's allotted portion and supply adequate maintenance for the children, supplemental aid from plaintiff as the circumstances of the parties and the nature of the case justify, may be had upon application to the Court for such relief.
We have treated, as counsel did in their presentation of the case, the Chancellor's findings of fact as constituting a part of the final decree although not incorporated therein. The findings provided that plaintiff convey the real estate to defendant as a lump sum settlement of alimony and in effect provides that the income shall be used to support her and the children. The decree orders the conveyance but fails to require support of the children from the income nor does it declare the property to be a lump sum settlement of alimony for defendant. We think the decree should be revised to include these omissions and it is so directed.
Affirmed with directions.
ROBERTS, C.J., and MATHEWS and DREW, JJ., concur.