BARKDULL, Chief Judge.
The facts giving rise to this litigation are as follows: In January, 1958, the appellant [Joan Mady Plager, then Joan Mady Perlmutter] was divorced from the appellee. In the final decree of divorce, among other things, she was granted a divorce, was awarded custody of the minor child of the parties [who, at the time of this appeal, is approximately six years of age], and $40.00 a week as alimony and support for the child. In January, 1959, the appellant married Seymour Plager and has resided with him as husband and wife since that time. The appellee became in arrears in the payment of support and alimony, pursuant to the final decree of divorce, and various supplemental proceedings were taken in the nature of contempt and otherwise to collect the sums due under the final decree.
*274 In 1962, the appellant instituted an action to change the name of the minor child from Perlmutter to Plager, the name of her then husband. Upon the institution of this proceeding to change the name of the minor child, the appellee filed an independent action seeking to modify the terms of the original final decree of divorce and to enjoin the change of name of his minor child from Perlmutter to Plager, and to be permitted reasonable rights of visitation. The matters came on for a consolidated hearing before the chancellor, at the conclusion of which he entered orders in three different causes.
In the divorce proceedings, he relieved the appellee of any obligation to support the child and relieved him of any obligation for arrearages on the alimony and support. He gave the permanent care and custody of the minor child to the appellant and denied the appellee [as the father of the child] of any right to visit the child. He also entered an order in the change of name proceedings, permitting the child’s name to be changed from Perlmutter to Plager. No appeal from the order changing name has been prosecuted before the court. The order presently before the court, which was entered in the independent modification proceedings, reads as follows:
“THIS CAUSE, coming on to be heard before the undersigned Robert H. Anderson one of the Judges of the above Court upon Bernard Bruce Perl-mutter’s Petition for Modification of Final Decree of Divorce and Purge of Contempt and the Court having heard the testimony of the Petitioner and his witnesses in support of the allegations of said Petition and of Joan Mady Plager, in opposition to said petition, and the Court having heard arguments of Counsel for both sides, and that the testimony confirming the allegations of the Petition clearly entitle the Petitioner to relief, it is thereupon,
“1. ORDERED, ADJUDGED and ■ DECREED, that the Order of Commitment for contempt of court dated Feb-uary 10, 1958, be, and the same is hereby vacated and set aside and the Petitioner, Bernard Bruce Perlmutter, is purged of the contempt, it- is further
“2. ORDERED, ADJUDGED and DECREED that the Petitioner, Bernard Bruce Perlmutter, be, and he is hereby released, absolved and relieved from the payment of all money due and owing now and henceforth to Joan M. Perlmutter a/k/a Joan Mady Plager for child support, alimony and court costs previously ordered to be paid by him in the temporary Order and Final Decree of Divorce in Chancery case No. 207403 entitled Joan M. Perlmut-ter, Plaintiff vs Bernard Perlmutter, Defendant, it is further
“3. ORDERED ADJUDGED and DECREED that the provisions of said temporary Order and Final Decree of Divorce providing for child support, alimony, and court costs, be, and the same are hereby vacated and set aside and it is further
“4. ORDERED ADJUDGED and DECREED that Joan M. Perlmutter a/k/a Joan Mady Plager be, and is hereby enjoined from instituting any suit or cause of action against Bernard Bruce Perlmutter for child support in the future, and it is further
“5. ORDERED ADJUDGED and DECREED that the Petitioner, Bernard Bruce Perlmutter’s Prayer for reasonable rights of visitation and temporary custody of his minor son Robert Richard Perlmutter be and the same is hereby denied, and it is further
“6. ORDERED ADJUDGED and DECREED that the Petitioner, Bernard Bruce Perlmutter’s Prayer for an injunction to prevent the Respondent from changing the name of Robert Richard Perlmutter be, and the same is hereby denied, and it is further
*275 “7. ORDERED ADJUDGED and DECREED that each party shall pay their own court costs and attorney’s fees.”
The appellant filed a notice of appeal from said order, and assigned as error that portion relative to absolving the appellee of all monies due under the final decree of divorce [both past and future] and those portions which permanently enjoined her from instituting any suit or action seeking child support in the future for the minor child of the parties. The appellee cross-assigns as error that portion of the order which denied reasonable rights of visitation and temporary custody of the minor child, and the denial of the injunction relative to the minor child using the name Plager.
As to Paragraph 1, we affirm the action of the chancellor. As to Paragraph 2, we affirm the chancellor, save and except that portion relieving the appellee of the responsibility for the arrearage which accrued under the final decree of divorce between the date of said decree and the remarraige of the appellant. See: Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205; 10 Fla.Jur., Divorce, Separation and Annulment, § 202. The amount being non-allocated as to alimony or support, it was incumbent upon the appellant [upon her remarriage] to petition the court for an allocation as to support [if she was to seek collection of same from the appellee subsequent to her remarriage]. As to Paragraph 3, we affirm the action of the chancellor, except for that portion which permanently removed any responsibility of the appellee for child support. Paragraph 4 is reversed, in accordance with the views hereinafter expressed. Paragraph 5 is affirmed, as hereinafter modified. As to Paragraph 6, in view of no appeal having been taken from the order changing the name of the minor child, this court cannot say that the chancellor abused his discretion in denying the injunction referred to in said paragraph. Therefore, his actions are affirmed. Neither party has contested the conditions of Paragraph 7, and the chancellor’s actions are hereby affirmed.
It is apparent that the chancellor endeavored to render a decree which would be in the best interests of the child, who is of tender age. However, the legal effect of the decree is to leave the child without any obligation on the part of the appellee to support him and without any legal obligation upon the appellant’s present husband to support the child. Therefore, so much of the chancellor’s decree which permanently prevents the seeking of child support from the appellee in the future be and the same is hereby reversed, with directions to permit a recovery of support from the appellee [upon appropriate petition] in the event same becomes necessary. See: Heckes v. Heckes, 129 Fla. 653, 176 So. 541.
Although the discretion exercised by the chancellor in denying the appellee [the natural father] the right of reasonable visitation may be appropriate at the present time in the best interests of the child, said denial of right of visitation is affirmed only as to the present time. But, as to the future, it is modified to the extent that the appellee shall have the right to apply for reasonable rights of visitation of the child. See: Borenback v. Borenback, 34 Wash.2d 172, 208 P.2d 635.
Affirmed in part, reversed in part with directions.