CARROLL, Judge.
By an amended complaint the plaintiff landowner sued the defendant water company for specific performance of a contract to supply water, and for damages for alleged breach of the contract. On motion of defendant the amended complaint was dismissed for failure to state a cause of action, and plaintiff appealed. We hold a cause of action was stated, and reverse.
Appellant holds a 99-year lease on property used and operated for a trailer park. The lease was acquired expressly subject to a contract between plaintiff’s predecessor in title, or lessor, and the defendant water company. Under that contract the water company was granted an exclusive right to install a water system and to supply water for charge to the inhabitants of the defined area. The water company proceeded to do so, making installation at its own expense, but later refused necessary extension thereof. The basis for such refusal, and the matter in dispute was as to whether or not the water company was required to pay installation costs.
In like circumstances in the case of governmental franchise contracts, it has been held that such extensions at cost of the franchise holder can be compelled. Pensacola Gas Co. v. Provisional Municipality of Pensacola, 33 Fla. 322, 14 So. 826, 831-832; Lukrawka v. Spring Valley Water Co., 169 Cal. 318, 146 P. 640; 94 C.J.S. Waters § 257 b, p. 107. We can observe no valid reason why the rule should not apply to this private contract which conferred on the water company rights in the nature of a franchise. The defendant is a utility company holding a certificate of convenience and necessity from the Florida Public Utilities Commission. Under such certificate, and by the contract, the water company gained an exclusive easement and the right to install for profit the water supply as needed by the inhabitants of the area involved. In those circumstances the contract imposed on the water company the duty to proceed and to extend this vital utility service, for which it had sought and obtained the exclusive right of supply.
The appellee water company argues the contract should not be construed to place the cost of such installation on it because the contract is silent on the matter of such costs. The contention lacks merit.
In the preamble to the contract reference is made to giving the water company “the exclusive right to furnish water and to install and maintain necessary mains and lines.” In the body of the contract it stated that “in order that *39 the Grantee [the water company] may install, maintain, operate and equip a water distribution system including lines and mains.” Those are followed by the provision that the “grantee fully covenants and agrees that it will furnish ’’ *^n such quantity as shall be requim.-und necessary to properly service and supply the inhabitants of the individual dwellings who purchase water from the grantee.” While it is true that the contract does not in so many words place the cost of installation on the water company, the provisions of the contract just referred to are such that a contrary conclusion would not be justified.
The construction here given to the contract is similar to that which the parties by their conduct gave it earlier. If the contract is regarded as uncertain or doubtful in that respect a court will incline to adopt the construction the parties have placed on it by their conduct, and which is reasonable. Orlando Orange Groves Co. v. Hale, 119 Fla. 159, 161 So. 284; Mileage Realty Co. v. Miami Parking Garage, Inc., Fla.App.1962, 146 So.2d 403, 406. Here the fact that in partially performing the water company bore installation expense is a significant aid to construction of this disputed feature of the contract.
We reject a further argument made by the appellee that a subsequent statute relating to duty of a subdivider to supply a water system (§ 367.11(2), Fla.Stat., F.S.A.) operates to relieve appellee of any such duty under its contract. As the appellant has correctly pointed out, that a contention represents affirmative defense matter, to be pleaded by answer, and is not presentable under defendant’s motion to dismiss for failure to state a cause of action. We pretermit comment on its merit.
Accordingly the order dismissing the amended complaint is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.