PER CURIAM.
This appeal is by the plaintiff below from an adverse final judgment. On a prior appeal we reversed an order dismissing the complaint for failure to state a cause of action. Pembroke Park Lakes, Inc. v. High Ridge Water Co., Fla.App.1965, 178 So.2d 37. The basic facts and the contentions of the parties were disclosed in that opinion. In holding there that the complaint stated a cause of action for specific performance, this court made the law of the case with relation to the facts alleged, holding that the franchise contract “imposed on the water company the duty to proceed and to extend this vital utility service, for which it had sought and obtained the exclusive right of supply” and, regarding the divergent views of the parties as to whether the installation cost of the extension of the service should be borne by the developer or by the water company, we held: “While it is true that the contract does not in so many words place the cost of installation on the water company, the provisions of the contract just referred to are such that a contrary conclusion would not be justified.”
Trial of the cause resulted in a judgment in which the trial court held the plaintiff was not entitled to specific performance or damages, and granted judgment for the defendant on its counterclaim for the cost of installation of the service extension.
On consideration of the record and briefs, we reverse the judgment in respect to the denial of specific performance and the judgment awarding damages to the defendant on its counterclaim, but we affirm the holding of the trial court denying the plaintiff’s claim for damages.
The trial court granted judgment on the counterclaim for the cost of the extended installation, on finding the parties intended that plaintiff would pay the cost thereof. The trial court did not find that the plaintiff had contracted or made any binding agreement to pay the cost of such installation, and the record discloses none. The record shows that when the owner requested extension of the service the water company was unwilling to do so at its own cost. The owner informed the company he was hard pressed for the extension of the service, and requested the water company “to get him off the hook.” The water company indicated it would proceed and that later the parties would reach an agreement regarding the cost. The worst that can be said of the plaintiff’s position is that in its zeal to obtain the extended service it may have led the water company to believe that later it would *729 enter into an agreement for some payment by it. However, throughout those negotiations the plaintiff owner consistently maintained its position that it was not obligated for such costs under the franchise contract which had been made between its predecessor and the water company, nor did the plaintiff then or subsequently enter into any contract to pay such cost of installation, which previously had been held by this court to be the obligation of the water company under the franchise contract.
Affirmed in part and reversed in part.