OWEN, Judge
(dissenting).
As I view this case, it is not a matter of one party seeking to renege on an agreement nor seeking to have the terms of the agreement modified, but rather to have the court declare judicially what the parties intended by the agreement.
It is a cardinal rule in the construction of contracts that the intention of the parties thereto is to govern. 7 Fla.Jur., Contracts, § 75. The contract as a whole should be considered, Triple E Development Co. v. Floridagold Citrus Corp., Fla.1951, 51 So.2d 435, and the intention of the parties determined from the language used, considering the surrounding circumstances, the objects to be accomplished, the other provisions in the agreement which might shed light upon the question and the occasion and circumstances under which it was entered into. Clark v. Clark, Fla.1955, 79 So.2d 426.
The majority opinion sets forth an entirely logical and valid basis upon which the trial court could have concluded, in construing the agreement, that the parties intended the entire $750 per month to be solely alimony for the wife. Not to be overlooked, however, is the fact that a consideration of the surrounding circumstances, the objects to be accomplished and the other provisions of the agreement furnishes a perfectly logical and reasonable basis upon which the trial court could have concluded that the parties intended by the language used that the $750 monthly payment would be not only alimony for the wife, but also support of the minor child (whose custody was given to the wife by the agreement). Briefly, and by way of example, are the following considerations:
1. The husband (as father of the child) had a clear legal obligation and continuing duty to support the child until the child reached majority or became self supporting. Bezanilla v. Bezanilla, Fla.1953, 65 So.2d 754. One of the objects to be accomplished by the agreement was to amicably settle all the respective rights and obligations of the parties arising out of the marriage, which necessarily included the husband’s legal obligation to support his child.
2. Notwithstanding the duty on the part of the child’s father to support such child, during the six years that the monthly payments were made under the agreement the wife supported the child and made no demand upon the husband to otherwise fulfill his legal obligation to provide support for the child. The wife’s conduct in this regard would indicate that she construed the monthly payments as both alimony for herself and support and maintenance for their minor child, justifying the court adopting such construction. Pembroke Park Lanes, Inc. v. High Ridge Water Co., Fla.App.1965, 178 So.2d 37.
3. The proviso for a new agreement to determine child support and maintenance in the event the wife remarried is entirely consistent with a tacit understanding of the parties that some portion of the $750 per month was indeed for child support, albeit such portion was undesignated.
4. If (as the majority suggests) tax considerations were the primary motive behind labeling the entire payment as “alimony”, being able to obtain a tax saving well may have been the basis which enabled the husband to agree to a more generous sum as the amount of the monthly payments than would have been the case had he not had the tax benefit.
By giving the foregoing examples of some of the surrounding circumstances and objects to be accomplished, I do not suggest that a consideration of them can lead only *520 to the conclusion that the parties did intend the monthly payment of $750 to include an allowance for child support. I am suggesting merely that when these factors are considered it cannot be said that the construction placed upon the agreement by the lower court is clearly erroneous. Consequently, since the judgment arrives here with a presumption of correctness, it should be affirmed. Clark v. Clark, supra; Trail Burger King, Inc. v. Burger King of Miami, Inc., Fla.App.1966, 187 So.2d 55.