280 So.2d 482 (1973)
Milton BIRGE, Appellant,
v.
Carolyn V. Birge SIMPSON, Appellee.
No. S-24.
District Court of Appeal of Florida, First District.
July 17, 1973.
W. Paul Thompson, DeFuniak Springs, for appellant.
Jere Tolton, Smith, Tolton, Grimsley & Barron, Fort Walton Beach, for appellee.
RAWLS, Chief Judge.
By this appeal, appellant-father challenges the denial by the trial court of his petition for modification of child support payments for his two minor children. The justiciable point on appeal is: "That the Court erred in not allowing appellant's attorney to make inquiry into the income of appellee's husband."
The parties were divorced on April 21, 1969. At that time, the father was a staff sergeant in the United States Air Force and earned a gross monthly salary of $740.00; the mother earned an annual salary of $6,500.00 in her employment. The trial court ordered the father to pay $52.50 per month per child for their support once he had terminated his military service.
On May 15, 1972, the father filed the instant petition to modify the existing child support order alleging therein that he was making less money than he was making at the time same was entered on April 29, 1969. At an evidentiary hearing, the father asserted that since the entry of the initial support order he had been severed from the Air Force, remarried, and his *483 present combined income from working as a soft-drink truck driver and Air Force retirement was approximately $560.00 per month. The father's testimony established that since the entry of the support order he sought to modify, his monthly income had decreased by $190.00. He further proffered for the court's consideration an adverse current financial picture.
As to the mother's ability to contribute to the support of the minor children the father proved that she had remarried and was individually earning an annual salary of $6,900.00, representing a small increase in her earnings subsequent to the entry of the instant support order. It was at this stage of the proceedings that the father sought to elicit from the mother the income of her present husband. The trial judge, in sustaining a timely objection, made the following observation:
"The Court doesn't feel that would be material as to what her [the mother's] new husband's income is. It's the responsibility of the natural parents to support their children. What is your theory on it?"
The father's attorney responded, viz: "His ability to support her, which is his obligation, would affect her ability to support the children, your Honor." The trial court sustained the objection; hence this appeal.
At the time the initial support order was entered in 1969, the legislative and judicial pronouncements placed the primary burden of the support of minor children upon the father.[1] In a sweeping reformation of the laws pertaining to severance of marriages, the legislature in 1971[2] specifically provided:
"... the court may at any time order either or both parents owing a duty of support to a child of the marriage to pay such support as from the circumstances of the parties and the nature of the case is equitable."
We construe this mandate of the legislature as placing upon the divorced wife an equal duty of contributing to the support of the parties' minor children.
This brings us to the materiality of the income of a divorced mother's new husband. Even in this era of women's liberation and enlightened thinking,[3] it is still the law of this State that a husband has the duty of supporting his wife.[4] Although no legal duty is imposed upon a stepfather to support his stepchildren, the income he receives and his financial circumstances are necessarily material and relevant to the wife's ability to contribute to the support of her children. Such evidence is essential for the trial court to determine the ability of either or both parents "... to pay such support as the circumstances of the parties and the nature of the case is equitable."
The order appealed is reversed with directions to grant appellant a new hearing not inconsistent herewith.
WIGGINTON and CARROLL, DONALD K., JJ., concur.
NOTES
[1] F.S. § 61.13, F.S.A. (1969); Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 (1947), and Heckes v. Heckes, 129 Fla. 653, 176 So. 541 (1937).
[2] F.S. § 61.13 (1971), F.S.A.
[3] Beard v. Beard, 262 So.2d 269 (1 Fla. App. 1972), and Yordon v. Savage, Fla. Sup.Ct., 279 So.2d 844, Opinion filed July 5, 1973.
[4] McRae v. McRae, 52 So.2d 908 (Fla. 1951), and F.S. § 708.10 (1971), F.S.A.