295 So.2d 681 (1974)
Alice K. CONDON, Appellant,
v.
William J. CONDON, Appellee.
No. V-154.
District Court of Appeal of Florida, First District.
June 11, 1974.
*682 Richard H. May of Grissett & Humphries, Jacksonville, for appellant.
Harry B. Mahon of Mahon, Farley & Vickers, Robert M. Sharp of Bullock, Sharp & Childs, P.A., Jacksonville, for appellee.
SPECTOR, Judge.
In this interlocutory appeal, the correctness of an order quashing a notice of taking deposition and a subpoena duces tecum is challenged.
Appellant and appellee were divorced and appellant was awarded custody of the minor children. Subsequently, the former husband, appellee herein, remarried. Appellant filed a motion to modify that portion of the final decree setting the amount of support money for the children by increasing said amount. In furtherance of said motion to increase child support, appellant took appellee's deposition and learned that appellee had remarried and that his new wife worked and had an income. Upon gaining that knowedge, appellant promptly noticed her former husband's new wife for the taking of her deposition and further served her with a subpoena duces tecum with respect to her income and financial circumstances.
The new wife responded with the filing of a motion to quash the notice of the taking of depositions and the subpoena duces tecum. The trial court granted said motions to quash and this appeal ensued.
Appellant relies solely upon this court's recent decision in Birge v. Simpson, 280 So.2d 482 (Fla.App., 1973), wherein it was held that the income and financial circumstances of a wife's new spouse was material and relevant to the wife's ability to contribute to the support of her children of the first marriage and therefore that evidence was subject to discovery. The court took cognizance of the new hand dealt by our modern legislature in life's game of hearts and reasoned that since both parents were now responsible for child support, discovery could be had of the financial circumstances of the mother's new husband because the greater his contribution to her support was, the more of her own funds could be devoted to support of the children. As a result of her demonstrated ability to contribute to the support of the children, it presumably follows that in the face of the father's demonstrated reduction of ability to provide child support, that slack can be taken up by the remarried mother.
While the legislature adopted the new so-called no fault divorce law in 1971, it did not intend to carry the concept of absolution to the age-old requirement that parents should provide support for their children. Indeed, by Section 61.13, Florida *683 Statutes Annotated (1971), F.S.A., the legislature provided that either or both parents may be required to pay child support "... as from the circumstances of the parties and the nature of the case is equitable."
In Birge, supra, the record as revealed in the opinion reflects that there were sufficient facts adduced tending to demonstrate that the father's ability to support the child had been reduced substantially, thus justifying inquiry into the mother's ability to contribute child support; and, of course, her new husband's income was relevant to that determination. No showing of such facts appears in the record in this case. Accordingly, we affirm the trial court's ruling that discovery of the new spouse should not be permitted.
We adhere to our decision in Birge, supra, which was based on recently enacted Section 61.13, Florida Statutes, F.S.A., with a slight modification. It is inescapable that the duty of child support is now owed by both natural parents. While we held in Birge that a successive spouse's financial circumstances are discoverable as material and relevant to the ability of the natural parent to discharge his or her duty to support, we now hold that such discovery can be conducted only upon a clear and convincing showing that the remarried parent is unable to discharge the duty to provide for the needs of the child out of her or his own funds. To permit discovery of the new spouse's financial circumstances where there is no record showing that the child's parent cannot respond to the child's needs out of her or his own funds would foster undue harassment and disturbance of the new family unit and would constitute an unseemly invasion of the new spouse's privacy.
Accordingly, the interlocutory appeal herein is dismissed.
RAWLS, C.J., and JOHNSON, J., concur.