BOOTH, Judge.
This cause is before us on appeal from an order reducing to judgment an Ohio dissolution of marriage decree, modifying that decree as to visitation rights with the minor child of the parties. The mother appeals the denial of her petition to modify the Ohio decree so as to increase the amount of child support.
At the time of dissolution in 1972, the minor child of the parties, born in 1969, was three years old. Child support was set in the Ohio decree at $15 a week.[1] In 1973, the father’s support obligation was raised to $20 a week. There it remained until 1979, when appellant filed her Florida petition.
Appellant’s income in 1973 was $9,725, and the father’s was $11,000. By the time of the 1979 hearing, the mother’s individual income was $6,100; the father’s was $17,-800. Both parties had remarried in the interim, and their respective spouses were employed. Whether or not the trial judge should have considered spouses’ incomes was not raised on appeal. See, Harville v. Harville, 369 So.2d 377 (Fla. 1st DCA 1979); *1167 Condon v. Condon, 295 So.2d 681 (Fla. 1st DCA 1974); and Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973). Nor is it certain, because he gave no reason for denying the petition, that the trial judge did in fact consider respective spouses’ incomes, details of which were introduced into evidence. The law is clear that the obligation of support of a child remains with the natural parents and is not extinguished by subsequent marriage. Florida Statutes, Section 61.13.
In the instant case, uncontroverted testimony established that, since the initial decree, child-rearing expenses had increased to $440 a month. The evidence further established that the father’s income had increased significantly, and the mother’s income had decreased. We hold that the trial judge abused his discretion in denying the mother’s petition to increase the amount of the support. Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980); Hall v. Hall, 363 So.2d 137 (Fla.1978). An award of less than $35 a week would be an abuse of discretion, although a larger amount could, in the discretion of the court, be awarded. On remand, the trial court is directed to increase support to no less than $35 per week and to award the wife’s costs and reasonable attorney fees in accordance with the principals stated in Canakaris v. Canakaris, 382 So.2d 1197, 1204-1205 (Fla.1980).
REVERSED AND REMANDED for further proceedings consistent with this opinion.
ERVIN and JOANOS, JJ., concur.

. The Ohio decree also required the father to keep medical hospitalization insurance for the child and bear half of all other medical expenses. The mother’s present husband is in the military, and most of the child’s medical needs are provided by the military, thereby relieving the father of that financial burden.