ZEHMER, Judge.
The order increasing appellant's child support payments pursuant to appel-lee’s motion for modification is reversed. The natural parents of a minor child have an equal responsibility within the bounds of equity to provide support for their child. § 61.13, Fla.Stat. (1983). The record before us contains insufficient evidence from which the trial court could determine what amount is reasonably necessary for the support of the minor child.[1] This determination is a prerequisite to determining what portion thereof each parent should be held responsible for providing. In addition, the trial court erred, under the circumstances of this case, in not permitting appellant (husband) to question appellee (wife) concerning the income of the wife’s new husband. Condon v. Condon, 295 So.2d 681 (Fla. 1st DCA 1974); Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973). Both parties were employed, and the financial affidavits of both parties showed that their respective income was insufficient to meet all of his or her financial needs, including child support. The trial court’s order takes into consideration the income of the husband’s new wife in determining the modified amount of child support it ordered the husband to pay. It was also necessary, in order to do equity between the parties, that the court consider the income of the wife’s new husband, The circumstances of this case meet the restrictions laid down in Condon.
We find no error in that portion of the appealed order which directs the husband to pay child support arrearages in the amount of $2600. The record contains competent, substantial evidence to support the trial court’s finding that the wife has not violated the provisions of the final judgment of dissolution and post-judgment orders regarding the husband’s visitation rights so as to excuse the husband from complying with the child support requirements in the final judgment. We do find, however, that the record contains sufficient evidence to support the husband’s complaints of the wife’s lack of agreement and cooperation in permitting the child to visit him, so that the provision in the appealed order regarding visitation[2] must be vacated with directions to enter an order setting forth a precise schedule for visitation that will be fair to both parents, in the best interest of the child, and capable of specific enforcement by the court upon complaint of noncompliance by either party.
REVERSED and REMANDED.
BOOTH, J., concurs in part and dissents in part.
SHIVERS, J., concurs.

. Appellee simply testified that she needs $350 per month for child support. Although she presented evidence of certain expenditures for the support of the child (private school, orthodontic treatment, etc.), she did not show the total expenses she was required to expend for the child’s support.

. The order states:
The parties are directed to establish a visitation schedule consistent with the child’s schedule in order for the child to visit with the former husband during spring break, two weeks in the summer and winter holiday visitation. If the parties are unable to agree upon such schedule, this Court shall make such determination. .The former husband shall be responsible for providing transportation to and from such visitation.