BOOTH, Judge,
concurring in part and dissenting in part:
I agree with my colleagues to affirm the award of child support arrearages. I must dissent, however, from the majority’s determination of the other three issues, two of which were not stated as issues or briefed by the parties,[1] and disagree with *654 what seems to be a lack of attention to the basic issue: the right of the child to the support of his natural parents. The right of support is a common law and statutory-right which exists independent of the claim of the child’s natural parents against each other and survives acts of the parents which may purport to waive or otherwise jeopardize the rights of the child.[2] Thus, the remarriage of the child’s mother in June, 1983, does not relieve the natural father of his obligation to equitably share in the support of his child. Neither does the father’s claim that the mother was uncooperative with regard to visitation relieve him of the basic duty of support.[3]
The natural father seeks to obscure the central issue, his failure to equitably share in the support of his child, by raising questions as to the earnings of the child’s stepfather, a physician. This court, in Condon v. Condon, 295 So.2d 681 (Fla. 1st DCA 1974), held that the discovery of a new spouse’s financial situation is permissible only upon “a clear and convincing showing that the remarried parent is unable to discharge the duty to provide for the needs of the child out of her or his own funds,” holding (295 So.2d at 683):
While we held in Birge [v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973)] that a successive spouse’s financial circumstances are discoverable as material and relevant to the ability of the natural parent to discharge his or her duty to support, we now hold that such discovery can be conducted only upon a clear and convincing showing that the remarried parent is unable to discharge the duty to provide for the needs of the child out of her or his own funds, [emphasis added]
In Condon, this court further stated that, in the absence of such a showing, discovery of the new spouse’s financial circumstances would be disallowed since it would “foster undue harassment and disturbance of the new family unit and would constitute an unseemly invasion of the new spouse’s privacy.”
In the instant case, the father has failed to present evidence satisfying the Condon rule, supra. The mother does not contend that her own funds are insufficient to provide her equitable share (paying the total support, she is exceeding her monthly earnings) of support for the child. The mother seeks, rather, to obtain, on behalf of the child, a provision for the natural father to contribute his equitable share of support. The natural father, who has failed to provide for the child since 1981, now seeks to avoid his obligation to contribute an equitable share by establishing that the stepfather is able to support the child. This is plainly erroneous.
Appellant does not contend $300 is not his equitable share, nor does he challenge *655 the reasonableness of the modified award. Sufficiency of the evidence as to support is not an appropriate ground for reversal on appeal since it was not raised as an issue and not briefed by the parties.[4]
The fourth issue ruled on is the provision in the order regarding future visitation rights.[5] Not stated as an issue on appeal, appellant’s disagreement with the visitation provision appears as a passing reference in appellant’s brief in connection with Issue II. The trial court is eminently better qualified, having heard the testimony of the parties, to determine the appropriate visitation provisions, particularly since we are without the benefit of adequate briefing on this important question. The order below should be affirmed in its entirety.

. The following two issues are stated by appellant in his brief:
I
*654 THE TRIAL COURT ERRED IN NOT ALLOWING APPELLANT’S (HUSBAND’S) ATTORNEY TO MAKE INQUIRY INTO THE INCOME OF APPELLEE’S (WIFE’S) HUSBAND.
II
THE TRIAL COURT ERRED IN REQUIRING THE APPELLANT (HUSBAND) TO PAY CHILD SUPPORT FROM JUNE 1981 TO NOVEMBER 1983 DURING WHICH TIME THE APPELLEE (WIFE) WILLFULLY REFUSED TO PERMIT THE CHILD TO VISIT HIS FATHER.
The majority has ruled on third and fourth issues, to-wit: (3) that the evidence was insufficient to allow determination by the trial court as to the amount necessary for support of the minor child; and (4) that the provision governing future visitation was not sufficiently specific.

. Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979):
Child support is a right which belongs to the child. It is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State. The rule is stated by the Supreme Court in State ex rel. Airston v. Bollinger, 88 Fla. 123, 101 So. 282, 283 (1924) and in Ciociola v. Ciociola, 302 So.2d 462, 464 (Fla. 3d DCA 1974), as follows:
“The father owes a duty to nurture, support, educate and protect his child, and the child has the right to call on him for the discharge of this duty. These obligations and rights are imposed and conferred by the laws of nature; and public policy, for the good of society, will not permit or allow the father to irrevocably divest himself of or to abandon them at his mere will or pleasure."

. This claim was rejected by the trial court’s order of November, 1983 (not appealed).

. Brief of Appellant, Conclusion, contains this sole reference: "There was no evidence on which the Court could increase child support from $100 to $300 per month.” On the contrary, the record supports the award by the trial court. The child, 14 years old at the time of the judgment below, has special educational and dental needs, which alone approach $300 per month. The mother testified that, since the original award in 1974 of $100 per month child support, the child’s expenses had "tripled." She also testified regarding her purchase of school uniforms, books, athletic equipment, shoes, as well as the usual food, clothing, and transportation expenses listed in her affidavit and paid by her since 1981.

. The father/appellant did not petition the trial court to have the 1974 decree modified as to visitation.