BASKIN, Judge
(dissenting in part).
I dissent from the majority’s decision affirming the final judgment insofar as the judgment imposed a permanent injunction, excluded certain marital funds from the equitable distribution scheme, and denied the wife attorney’s fees.
The wife correctly asserts that the trial court erred in permanently enjoining her from reporting the husband’s wrongdoings to any authorities. The final judgment provides:
11. Injunction: During the course of this litigation it was necessary for the Court to issue its Temporary Mutual Restraining Order. The Court finds that it is in the best interest of the parties and their children that both parties, directly, indirectly or through their agents, are permanently restrained from reporting each other to any authorities for any wrongdoing or infraction, slandering or harassing each other. Neither party will make any remarks or take any action which will negatively impact upon the other person’s future income[.]
The terms of the injunction are overbroad. See Woodrum v. Woodrum, 590 So.2d 1093 (Fla. 3d DCA 1991); Woods v. Dozier, 529 So.2d 1236 (Fla. 1st DCA 1988); Goodell v. Goodell, 421 So.2d 736 (Fla. 4th DCA 1985). Although, on proper request, the trial court may enter an injunction prohibiting certain actions, see Schutz v. Schutz, 581 So.2d 1290 (Fla.1991), the in *370 junction before us prohibits the wife from seeking protection or redress. See Plager v. Perlmutter, 159 So.2d 273 (Fla. 3d DCA 1964). Apparently, the trial court imposed the injunction to prevent the parties from harassing each other; however, neither party requested the relief and the injunction impermissibly curtails the wife’s rightful access to the courts as well as to other authorities. I would quash that portion of the judgment.
In addition, I find merit in the wife’s contention that the trial court erred in failing to include in the equitable distribution $300,000 in marital funds that the husband placed in trust for the children after the parties separated. These monies were marital assets, and subject to equitable distribution. As in Rosenfeld v. Rosenfeld, 597 So.2d 835 (Fla. 3d DCA 1992), where, during the parties’ separation, a spouse expends marital assets, the trial court must account for the expenditures in distributing "the marital assets. See Ahlo v. Ahlo, 1 Haw.App. 324, 619 P.2d 112 (1980). Accordingly, I would remand for the trial court to credit the husband in the equitable distribution scheme with the appropriate amount. See Zohlman v. Zohlman, 235 So.2d 532 (Fla. 3d DCA 1970).
I would also reverse the trial court’s denial of the wife’s request for attorney’s fees. “Attorney’s fees should be paid by the party who has the superior financial ability to pay” Martinez-Cid v. Martinez-Cid, 559 So.2d 1177, 1178 (Fla. 3d DCA 1990); § 61.16, Fla.Stat. (1987). The record in this case clearly demonstrates that the husband has superior financial ability to pay; the wife’s request for fees should have been granted. Werner v. Werner, 587 So.2d 473 (Fla. 3d DCA 1991).
I would therefore reverse the final judgment of dissolution and remand for further proceedings.
Before BARKDULL, BASKIN and GERSTEN, JJ.