GREEN, J.,
dissenting.
Petitioner seeks a writ of certiorari vacating an order which denied his objections to the mother’s first request for production, to the extent that it permitted the mother to obtain his current wife’s financial documents and/or required him to obtain and produce documents of non-parties, in this child support litigation. For the following reasons, I would grant the petition and quash the order under review.
The duty to support a child financially falls on both natural parents. Condon v. Condon, 295 So.2d 681, 683 (Fla. 1st DCA 1974). If there is a showing, by clear and convincing evidence, that a parent cannot fulfill this duty out of his/her own funds, the financial circumstances of the parent’s current spouse are discoverable. Id.See also Birge v. Simpson, 280 So.2d 482, 483 (Fla. 1st DCA 1973) (finding income of step-parent relevant to determine ability of natural parent to pay support). To permit this discovery, however, where there has not been a record showing that the parent cannot meet this financial duty with his own funds, fosters undue harassment to the current family unit and constitutes an “unseemly invasion of the new spouse’s privacy.” Condon, 295 So.2d at 688.
Here, the trial court compelled the petitioner to produce his current wife’s financial statements based solely on a magazine article and the argument and representations of the mother’s counsel. This alone is not evidence, let alone clear and convincing evidence, and justifies our certiorari intervention. See Fla. E. Coast Ry., L.L.C. v. Jones, 847 So.2d 1118, 1119 (Fla. 1st DCA 2003) (finding certiorari appropriate where court’s ruling work product discoverable based solely on assertions counsel departed from essential requirement of law and caused material harm because the disclosure of this information could not be remedied on final appeal).[1]

. In addition, I believe that the petitioner was also improperly ordered to produce the documents of a non-party corporation. Rule 1.350(a), specifically permits a party to request another party
(1) to produce and permit the party making the request ... to inspect and copy any designated documents ... that are in the possession, custody, or control of the party to whom the request is directed!)]
Fla. R. Civ. P. 1.350(a)(1). Since there has been no finding that the documents sought from the non-parties are in the possession and/or control of the petitioner, I believe that this order was also in error. Such information, however, could, upon proper showing, be obtained through the procedures described in Florida Rule of Civil Procedure 1.351.