This is a divorce case.
The parties were married in 1967 and they have three children. The wife filed for divorce in March of 1979 citing incompatibility of temperament as grounds for divorce.
After hearing the evidence ore tenus, the trial court granted the parties a divorce. The court awarded the wife custody of the two minor children and ordered the husband to pay $300 per month in child support.
The only issue presented by this appeal is whether the amount of child support required to be paid by the husband is excessive.
In a child support case the presumption is that the trial court's decree is correct. Hayes v. Hayes, Ala.Civ.App.,337 So.2d 770 (1976).
The amount of child support to be granted in a divorce proceeding depends upon the needs of the child or children and the ability of the parent to pay. Metcalf v. Metcalf, Ala.Civ.App., 340 So.2d 38 (1976). Furthermore, an award of child support is a matter within the sound discretion of the trial court and will not be reversed on appeal except for palpable abuse. Goodman v. Goodman, Ala.Civ.App., 366 So.2d 281
(1979). *Page 573 
The evidence in the case at bar revealed that the income of the parties for 1976 was $7,211.73 for the husband and $1,527.46 for the wife. In 1977 the husband's income was $14,384.14 and the wife's income was $4,967.73. There is no evidence of income of either party for 1978.
We have reviewed the record and cannot say that the trial court abused its discretion in requiring the husband to pay $300 per month for the support of the two minor children. Therefore the decision of the trial court is due to be affirmed.
The wife is awarded $500 as a reasonable attorney fee for prosecuting this appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.