The plaintiff appeals from a judgment denying his modification petition which seeks to terminate child support as previously ordered in the judgment divorcing the parties. He alleges that Sheila Jo Brooks, his daughter, quit school, works full time, is totally independent and has emancipated herself from dependency upon anyone for her support.
Apparently the girl, who will be nineteen years of age in August 1980, quit school in 1977. She worked in a restaurant from April 1978 until the last of October 1978, receiving tips only as wages. In November 1978, she became employed at an electronics plant and worked there until March 1979, when she resumed part-time employment for two or three hours a day at the rate of $2.95 per hour for about three weeks at the restaurant. From June 1979 until November 1979, she again worked in the electronics plant. She began to draw unemployment compensation about a week before Christmas 1979, and was unemployed when the trial was held before the circuit judge on January 16, 1980.
Sheila Jo has lived with her mother, the defendant, for all of her life except for two weeks in June 1979, when she moved into an apartment with two girls, and for two weeks in December 1979, when she lived with a man in Birmingham. Evidently the man supported her for that two-week period. When she resided with the two girls, she paid the rent upon the common apartment, but her mother furnished food to her.
The daughter never contributed any money to the defendant directly nor toward necessities such as her mother's apartment rent, food, nor very much for the purchase of her own clothing, which items were provided to her by her mother.
The plaintiff bought an automobile for Sheila Jo, and she made all of the payments upon it except for one installment paid by the plaintiff. The defendant furnished gas and oil to Sheila Jo when the daughter was not employed.
The only evidence in this case consisted of the testimony of the two parties. There was no evidence as to needs of the daughter. No one presented any evidence as to wages paid to her for work in the electronics industry, nor as to the amount of tips *Page 474 
received at any time during her periods of employment at the restaurant.
At the conclusion of the trial, the judge announced from the bench his decision upon this issue as follows:
 THE COURT: On the petition for modification in which the petitioner, Mr. Brooks, contends that Sheila Jo Brooks has quit school and now works at a full-time job and is totally independent, the court finds there is insufficient proof on that issue put forth for the Court to make that finding. The Court is not even satisfied that there has been sufficient proof of the amount of money that she makes, much less that she is fully employed. There has been evidence by the mother of the amount she makes, which may or may not be sufficient on that issue of fact. So, I will not decrease the amount of child support by virtue of the petition for modification, but upon the insufficiency of the evidence find that issue in favor of Mrs. Brooks.
Generally, parents owe a legal duty to support minors because children are unable to, and do not, support themselves, requiring many years for developing, education, training and maturing before they can become reasonably self-sufficient. When a minor's situation is such that he no longer needs to be supported, then his right to support from his parents, or either of them, should no longer exist. This is because the amount of child support required to be paid by a parent has always been dependent upon two factors; first, the needs of the child and second, the ability of the parent to pay. Spears v.Spears, 382 So.2d 572 (Ala.Civ.App. 1980); 15A Ala.Dig., Parentand Child, Key No. 3.1 (10) and 3.3 (7), and 8 Ala.Dig.,Divorce, Key No. 306. When a minor is employed and self-supporting, and may properly be expected to continue to do so, his parents are relieved from the obligation of support.Adcock v. Adcock, 45 Ala. App. 328, 229 So.2d 925 (1970); 67A C.J.S. Parent and Child § 51 at p. 331; 24 Am.Jur.2d, Divorceand Separation, § 850 at p. 965. "Self-support" has its common and ordinary meaning, that is, the independent support of oneself. Webster's Third New International Dictionary.
With a total absence of evidence as to the amount required for the support of Sheila Jo, and with the evidence being most unsatisfactory and incomplete as to her earnings while employed, we agree with the findings of the learned trial judge, for the evidence was inadequate as to the first factor upon which the amount of child support is based, the needs of the child. The plaintiff had the burden of proof to reasonably satisfy the trial judge from the evidence as to the truth of the material averments contained in his petition. He failed in that regard. When a judge personally hears the witnesses testify in a case of this nature, the usual presumption applies as to the correctness of his findings, and this court cannot alter such a decision of the lower court unless the trial judge was plainly and palpably wrong. Parish v. Parish, 374 So.2d 348
(Ala.Civ.App. 1979), cert. denied, 374 So.2d 351 (Ala. 1979). Under the evidence in this case, we cannot say that Sheila Jo was self-supporting.
For the foregoing reasons, the judgment of the circuit court is affirmed.
This opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 475