This case involves a modification of child support payments.
Julia Taylor and Raymond Taylor were granted a divorce on May 31, 1968 in Montgomery County, Alabama. The parties had *Page 1232 
three minor children. The divorce decree ordered the husband to pay the wife $120.00 a month as child support for eighteen months, and thereafter $150.00 per month.
The mother filed a petition for modification of these child support payments on February 23, 1980. She alleged that there had been a material change in circumstances since the original decree of divorce. During the pendency of this petition, the oldest child, Raymond G. Taylor, reached the age of majority. Therefore, he was not subject to the petition for modification.
Service was not made on the father until December 1980. A hearing was held on February 16, 1981. As a result of that hearing, the trial judge modified the child support provisions of the original decree. The court ordered the father to pay $150.00 per month for the support of David Taylor and $200.00 per month for the support of Kelli Taylor. These payments would cease upon the child reaching majority age or becoming self-supporting. The court also awarded the mother $550.00 as attorney fees. From this judgment the father has appealed.
In this appeal the father contends that the trial judge erred in awarding $150.00 a month as child support for David. The father claims that David was self-supporting due to the fact that he had a part-time job earning approximately $100.00 a week. We, however, do not agree with this contention.
We begin by stating the general rule that modification of child support payments is a matter within the judicial discretion of the trial court and will not be overturned on appeal unless plainly and palpably wrong. Green v. Green,380 So.2d 884 (Ala.Civ.App. 1980). In determining whether to modify child support payments, the court is to consider the needs, conditions, and circumstances of the children as well as the father's ability to meet these needs. Womble v. Womble,56 Ala. App. 318, 321 So.2d 660, cert. denied, 295 Ala. 429,321 So.2d 664 (1975).
The evidence adduced at the hearing showed that the son lived with his mother and stepfather. He was attending high school at night and working part time during the day. He testified that he earned approximately $100.00 a week. The evidence also showed that he used all of his earnings for his personal expenses. His mother and stepfather paid all of his living expenses including food and medical bills. The mother testified that she spent approximately $200.00 a month for her son's support.
The evidence also showed that the father received approximately $600 a month as military retirement benefits. He also worked as a mud logger in oil fields earning up to $1,000.00 a month. Also the testimony showed that the father lived with his sister and had no extraordinary expenses.
The father contends that the son's earnings from his part-time job make him self-supporting and thus the father's duty of support has ended. The father claims that the trial judge has abused his discretion in awarding further child support for the minor son.
In Brooks v. Brooks, 386 So.2d 472 (Ala.Civ.App. 1980), we said:
 Generally, parents owe a legal duty to support minors because children are unable to, and do not, support themselves, requiring many years for developing, education, training and maturing before they can become reasonably self-sufficient. When a minor's situation is such that he no longer needs to be supported, then his right to support from his parents, or either of them, should no longer exist. This is because the amount of child support required to be paid by a parent has always been dependent upon two factors; first, the needs of the child and second, the ability of the parent to pay. Spears v. Spears, 382 So.2d 572 (Ala.Civ.App. 1980); 15A Ala.Dig., Parent and Child, Key No. 3.1 (10) and 3.3 (7), and 8 Ala.Dig., Divorce, Key No. 307. When a minor is employed and self-supporting, and may properly be expected to continue to do so, his parents are relieved from the *Page 1233 
obligation of support. Adcock v. Adcock, 45 Ala. App. 328, 229 So.2d 925 (1970); 67A C.J.S. Parent and Child § 51 at p. 331; 24 Am.Jur.2d, Divorce and Separation, § 850 at p. 965. "Self-support" has its common and ordinary meaning, that is, the independent support of oneself. Webster's Third New International Dictionary.
In the present case the father clearly has the ability to pay the increased amounts of child support ordered by the trial court. As to the minor son's need for support, the evidence shows that he is eighteen years old, attending high school full time, and working part time. He earns approximately $400.00 per month from his part-time job. He lives with his mother and stepfather and they provide food, housing and medical and dental expenses. His mother testified that she expended about $2,600 in 1980 on his support. The son testified he could not support himself.
We said in Brooks that "self-supporting" meant the independent support of oneself. In the instant case the evidence would support a finding that the minor son was not self-supporting. Therefore, we cannot say that the trial court was plainly and palpably wrong in concluding that the minor son was not self-supporting and needed support from his father.
The father also contends that the award to the mother of $550.00 as attorney's fee was excessive. The grant of attorney's fees is within the discretion of the court and will not be reversed on appeal unless palpably wrong. Price v.Price, 360 So.2d 340 (Ala.Civ.App. 1978).
We can find no abuse of discretion under the circumstances. The mother's attorney spent a great deal of time in attempting to obtain service on the father. Numerous motions had to be filed in the trial court. As a result, we can find no error in the court's award of $550.00 as attorney's fees.
The mother has requested this court to grant her attorney's fees on this appeal. We, therefore, grant her request and award $350.00 as attorney's fees for this appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.