INGRAM, Judge.
The parties agreed to a change of custody of the minor children from the mother to the father. After a hearing, the court ordered the mother to pay $50 a month for child support and to maintain health insurance for the benefit of the children. The father appeals on the ground that the amount of support is inadequate.
The parties were divorced in 1977, custody of the minor children going to the mother pursuant to a settlement agreement incorporated in the divorce decree. The father was ordered to pay $200 a month for the support of the children. On July 13, 1986, the trial court held the father in contempt for his failure to meet his support obligations, finding him in arrears in the amount of $4,725. On August 7, 1986, a hearing was held upon the father’s petition to modify custody. Upon agreement of the parties, the father received temporary custody of the children for a year, the custody to become permanent if neither party objected at that time. The mother was ordered to pay support as stated. The father’s obligation to pay support was suspended, but his obligation of $100 a month on the arrearage remained in force, to be made by means of an order for continuing income withholding.
The father appeals, contending that the amount of child support is inadequate, and that the court failed to issue an income withholding order against the mother, as required by § 30-3-61, Code 1975.
Modification of child support payments ordered by divorce decree is a matter within the sound judicial discretion of the trial court and will not be overturned on appeal unless plainly and palpably wrong. Taylor v. Taylor, 412 So.2d 1231 (Ala.Civ.App. 1981). Each case of a modification for child support provisions of a divorce decree must depend on its own facts. Green v. Green, 380 So.2d 884 (Ala.Civ.App.1980). In providing for child support in a divorce *713 decree, the trial court must consider needs of the children and ability of the parent to pay. Mansell v. Mansell, 437 So.2d 588 (Ala.Civ.App.1983).
The record shows that the father had take-home pay of at least $3,000 a month for the first three months of 1986, but that it had been reduced by more than half that amount since then. He stated that he could support the minor children without receiving any support from the mother.
The record further shows that the mother takes home approximately $1,300 a month. Deducted from her paycheck each month for health insurance coverage for the children is $86.71. She testified that her basic living expenses run over $1,000 a month.
Prior to the child support modification at bar, the children received $200 a month for their support. Subsequent to the modification, the children receive a similar amount (the mother’s $50 a month plus health insurance and the father’s $100 a month). We do not find the mother’s support obligation to be inadequate, given the facts of this case.
Section 30-3-61, Code 1975, does require modification orders to include a section to facilitate income withholding should it become necessary. Such a technical error, given the facts of this case, does not rise to a level that reversal is warranted.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.