In October 1995, Gary Lee Anderson (the "father") filed a petition to modify child support and requested that his obligation to provide support to his minor child, Denina Anderson, be terminated and that he be allowed to recover child support payments made in June, July, August, and September 1995. As grounds for his motion, the father alleged that the minor child had graduated from high school, become employed, and moved from the home of Cynthia Loper (the "mother") to reside with her boyfriend and his parents. These facts, he alleged, proved that his minor child was emancipated and that his support obligation should be terminated. The mother answered the petition, and the trial court set the matter down for hearing on January 24, 1996. After hearing the testimony presented, the trial court denied the petition. The father appeals. We affirm.
The trial court's order is thorough. The judgment makes clear the basic facts of this case; therefore, we will quote the trial court's findings.
"It is the finding of this Court as follows:
 "1. That the minor child, Denina Marie Anderson, currently eighteen (18) years of age, graduated from high school in May of 1995; and,
 "2. That the minor child moved from the home of the [mother] in June of 1995 to live with her boyfriend and his family apparently over the objections of [both the mother and the father]; and,
 "3. That while the minor child was living with her boyfriend and his family, she attended, on a full time basis, Alabama Southern Community College in Gilbertown, Alabama on a Pell Grant and worked at the Family Dollar Store on a part-time basis; and,
 "4. That the prior child support paid by the [father] has gone to the [mother] and [was] then forwarded to the child and applied toward the child's automobile loan for the vehicle the child purchased after she moved from the home of the [mother]; and,
 "5. That in December of 1995 the minor child moved from her boyfriend's family home to Mobile to begin a new job at a fitness center as her work at the Family Dollar Store had been reduced and to begin preparation for attendance at the University *Page 120 
of South Alabama beginning in February or March of 1996 on a Pell Grant; and,
 "6. That said child is not 'self-supporting' as the child is receiving child support from the [father] as set out above and also receives financial help from the [mother] for living expenses. That while the child is a student and working on a part-time basis, the child would not be independent as defined in Alabama case authority.
 "7. That the minor child is not 'emancipated' and free of parental control although the child has often acted contrary to the wishes of her parents. During the time the child is dependent, in part, on her family for financial support, reasonable demands can be expected to be made on the child. While the Court is aware of the strained relationship between the minor child and the [father], it appears that the [mother] still can make reasonable demands on the minor child and be obeyed by the minor child. The Court is not aware of case authority that says that the [father] is entitled to relief from paying child support while the minor child is still subject to parental control, in part, from one of the parents."
While we are not unsympathetic to the father's objections to the path the minor child has taken, we agree with the trial court that the minor child is not emancipated and that the father still has a duty to support her in her minority. SeeState ex rel. Shellhouse v. Bentley, 666 So.2d 517, 518
(Ala.Civ.App. 1995). The age of majority in this state is 19, Ala. Code 1975, § 26-1-1, and a parent has a duty to support a child who is under the age of 19. Shellhouse, 666 So.2d at 518. However, once a child is emancipated, a parent no longer has a duty of support. B.A. v. State Department of Human Resources exrel. R.A., 640 So.2d 961, 962 (Ala.Civ.App. 1994).
Emancipation of a minor child is governed by statute and can occur only when a minor child has reached the age of 18. Ala. Code 1975, § 26-13-1. The trial court must base its decision on emancipation on the best interest of the minor child. Id. "The best interest standard affords freedom for the trial court to consider numerous and varied factors. . . . A multitude of factors are proper for consideration when the trial court is determining what is in the best interest of the child, and there are no specific rules or guidelines that will control every case." Hodge v. Hovey, 679 So.2d 1145, 1148
(Ala.Civ.App. 1996) (citations omitted). The trial court heard the testimony of and observed the demeanor of the mother, the father, the minor child, and other witnesses; it is entrusted to make the ultimate decision on contested issues, and its judgment will not be set aside unless this court finds that the judgment is plainly and palpably wrong. Swann v. Swann,627 So.2d 429, 430 (Ala.Civ.App. 1993). We cannot say that the trial court's judgment that the minor child is not yet emancipated is plainly and palpably wrong.
In addition, the father argues that the child has not spoken to him or visited with him for over two years and that, therefore, his duty to support the child should be abrogated. The father has cited an Alabama case that holds that a trial court can condition the payment of child support upon compliance with visitation directives in a divorce judgment.See Snellings v. Snellings, 272 Ala. 254, 130 So.2d 363 (1961). However, the petition to modify did not contain this argument, and the record on appeal does not indicate that the argument was presented to the trial court. An argument not presented below cannot be considered on appeal. West Town Plaza Assocs.v. Wal-Mart Stores, Inc., 619 So.2d 1290, 1294 (Ala. 1993).
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
MONROE, J., concurs specially.