CRAWLEY, Judge.
The trial court divorced Pam W. Wallace and Ronald Edward Wallace in April 1992. The divorce judgment incorporated the parties’ agreement, which provided that the mother would have custody of their three minor children and that the father would pay child support and certain medical expenses. Each party filed several petitions to modify the custody and support provisions of the divorce judgment. The trial court eventually awarded the father' custody of the youngest child, a *444 daughter.- In June 1998, the mother petitioned for custody of that child, who by then was the only child still a minor. In November .1998, the trial court found that the 18-year-old child was self-supporting and terminated each parent’s support obligation.
The mother appeals, arguing that the trial court erred by finding the child to be self-supporting. This court has stated the standards to be used to determine whether a child is self-supporting:
“Generally, parents owe a legal duty to support minors because children are unable to, and do not, support themselves, requiring many years for developing, education, training and maturing before they can become reasonably self-sufficient. When a minor’s situation is such that [she] no longer needs to bé supported, then [her], right to support from [her] parents, or either of them, should no longer exist. This is because the amount of child support required to be paid by a parent has always been dependent upon two factors; first, the needs of the child and second, the ability of the parent to pay. When a minor is employed and self-supporting, and may properly be expected to continue to [be employed and self-supporting], [her] parents are relieved from the obligation of support. ‘Self-support’ has its common and ordinary meaning, that is, the independent support of oneself.”
Brooks v. Brooks, 386 So.2d 472, 474 (Ala.Civ.App.1980).
We conclude that the trial court did not abuse its discretion by finding the child to be self-supporting. The child had averaged over $1,300 of monthly income for the three months preceding the trial date. The child testified that she wants to be found self-supporting. The child also testified that she herself gives the mother money at the mother’s request. The record does not contain all the testimony the trial court heard. When the record or appeal does not contain all the evidence, the trial court’s judgment is presumed to be supported by the missing evidence. Pruitt v. Palm, 671 So.2d 105 (Ala.Civ.App.1995).
The mother further argues that the issue whether the child was self-supporting was not raised in the father’s pleadings and that the court should not have heard evidence on that issue. We disagree. Whether the child is self-supporting is relevant to a determination of how much child support a noncustodial parent owes to a custodial parent; that .issue was the subject of the mother’s petition to modify. Also, the mother was allowed to present, and did present, evidence to oppose the father’s contention that the child was self-supporting.
AFFIRMED.
' ROBERTSON, P.J., and MONROE, J., concur.
YATES and THOMPSON, JJ., dissent.