YATES, Judge,
dissenting.
Because I do’not agree that the child is self-supporting, I must respectfully dissent from the majority opinion. The age of majority in Alabama is 19, and a parent is obligated to support a child who is under the age of 19. Anderson v. Loper, 689 So.2d 118 (Ala.Civ.App.1996). However, once a child becomes.emancipated or self-supporting, a parent no longer has a duty to support that child. Id.; Brooks v. Brooks, 386 So.2d 472 (Ala.Civ.App.1980). In determining whether a minor child is emancipated, for purposes of child support, the court must base its decision on the best interests of the child; a number of factors are proper for consideration, and there are no specific rules or guidelines that control all cases. Anderson, supra. In Brooks, this court stated:
“Generally, parents owe a legal duty to support minors because children are unable to, and do not, support themselves, requiring many years for developing, education, training and maturing before they can become reasonably self- *445 sufficient. When á minor’s situation is such that he no longer needs to be supported, then his right to support from his parents, or either of them, should no longer exist. This is because the amount of child support required to be paid by a parent has always been dependent upon two factors; first, the needs of the child and second, the ability of the parent to pay. When a minor is employed and self-supporting, and may properly be expected to continue to [be employed and self-supporting], his parents are relieved from the obligation of support. ‘Self-support’ has its common and ordinary meaning, that is, the independent support of oneself.”
386 So.2d at 474 (emphasis added). See also Taylor v. Taylor, 412 So.2d 1231, 1232-33 (Ala.Civ.App.1981).
The record indicates that at the time of the hearing the youngest child was 18 years old; she reached the age of majority on June 7, 1999. The child had graduated from high school in the spring of 1996. She had been residing with the mother for over a year and a half, after moving out óf the father’s home in July 1997.
The child testified that she had previously been employed full-time at a Wal-Mart store for approximately six months and there had earned $6.45 per hour. She stated that she had quit the job at Wal-Mart, that she was unemployed for two months, and had then gone to work at a Bruno’s store. The child worked full-time at Bruno’s for approximately six months and then quit that job. She testified that she was then unemployed for one month, then went to work on a full-time basis in a temporary job for approximately two months. At the time of the hearing, she had been employed full-time at a Hardee’s restaurant for three months. During that three-month period the child had earned $3,900. When asked by the father’s attorney if she needed support from her father, the child replied, “in my opinion, no.” When asked if she wanted support from her father, the child replied, “[N]ot really; I really don’t want support from anyone.” When asked if she wanted support from her mother, the child replied, “[N]ot really.” When asked if she needed support from the mother, the child replied “I don’t think that I do.” Finally, the child testified, “I think that the best thing would be for me to be emancipated.”
The child testified that since she has been living with the mother and working at Hardee’s, the mother has asked her for money. The child stated that she would give money to the mother “every now and then.” The child stated that she rarely gives the mother money without the mother’s requesting it. The child testified that the mother purchases the groceries for the home, but that on occasion she would contribute money to the purchase of groceries. She further, testified that her parents pay the costs of any medical or dental expenses she may incur. The child also testified that she purchases her own clothes, but that the mother has also purchased clothes for her since July 1997. The evidence indicates that the child is also dependent upon the mother for transportation.
In Anderson, supra, the father petitioned the court to terminate his duty to support his minor daughter, on the basis that she had graduated from high school, had become employed, and had moved into the home of her boyfriend and his parents. The evidence indicated that the child was 18 years old and was a high-school graduate. While she lived with her boyfriend and his parents, she attended a community college full-time on a Pell grant and worked part-time. The child support she had been receiving from the father was applied toward the payment of a loan she had made to finance the purchase of an automobile. The child subsequently moved to Mobile to take a job at a fitness center and to begin preparation for attending the University of South Alabama. The trial court found that the child was not self-supporting, because she was receiving support from her parents, including support for living expenses, and because she *446 was a student working on a part-time basis. The trial court denied the father’s petition to terminate support, and this court affirmed that judgment. Id. ■
In Brooks, supra, the father petitioned the court to terminate his support obligation, alleging that the child had' quit school, was working full-time, and was totally independent and emancipated. The evidence indicated that the child had quit school and had worked in part-time and full-time jobs for approximately a year and a half before the hearing. The child had lived with the mother her entire life, except for a two-week period during which she lived in an apartment with two other girls, and another two-week period when she lived in Birmingham with a man. While she lived in the apartment with the girls, she paid her own rent and the mother furnished her food. The man. supported her for the two weeks she lived with him. Id. The evidence further indicated that the child did not contribute any money to the mother, nor toward necessities such as rent and food. The-child contributed very little to the purchase of her own clothes. The father purchased an automobile for the child, who made all the payments, except one, which was made by the father. The mother paid for gasoline and oil when the child was not working. The trial court concluded that the evidence was insufficient to support a finding that the child was self-supporting. This court affirmed the judgment of the trial court. Id.
I recognize that in the present case the court heard ore tenus evidence and that its judgment based on that evidence is presumed correct and will not be disturbed on appeal unless that judgment is plainly and palpably wrong. Helms, v. Helms, 624 So.2d 633 (Ala.Civ.App.1993). However, after carefully reviewing the facts of this case and the relevant law, I conclude that the court erred in finding the child to be self-supporting. The evidence indicates that the child lives with the mother, rarely provides the mother with money for household necessities, and is dependent upon the mother.for transportation. The child is currently employed on a full-time basis; however, her employment history shows that she has worked at several jobs in the past on a full-time basis, never working more than six months at a time before quitting and then being unemployed for a while before finding other employment. If it were not for the support provided by the mother, the child would be unable to provide her own housing;, utilities, food, transportation, and other necessities. Simply put, the child is not capable of “independent support” at this time. Brooks, supra, at 474.
Additionally, I recognize that the child testified that she did not believe she needed support from her parents and that she thought the best thing for her was to be emancipated. As in a child-custody case, this is a factor to be considered; however, it is not controlling. See Pullum v. Webb, 669 So.2d 925 (Ala.Civ.App.1995).
The child has now reached the age of majority; however, because I believe the court erred in its November 1998 judgment finding that the child was self-supporting, I would reverse the judgment and remand the case for further proceedings.
THOMPSON, J., concurs.